AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Kevin Healey and Propagate Content, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. HALLOCK, an individual; WMTI PRODUCTIONS, INC., a California corporation; WMTI PRODUCTIONS NORTH, INC., a Canadian corporation; and THE NEXT SEASON COMPANY, INC., a Canadian corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>KEVIN HEALEY, an individual; PROPAGATE CONTENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. 2:20-cv-02726 CJC (MAAx)<br><br>Honorable Cormac J. Carney<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE A CONSOLIDATED BRIEF AND EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COPYRIGHT CLAIMS AND ANTI-SLAPP MOTION TO STRIKE PLAINTIFFS' STATE LAW CLAIMS**<br><br>Filing Date for<br>Relevant Mtns:    July 13, 2020<br><br>File Date:    March 24, 2020<br>Trial Date:   TBD |

**APPLICATION TO FILE CONSOLIDATED BRIEF AND EXHIBITS THERETO**

1    Defendants file this short application asking the Court for leave to file a

2    single, consolidated brief not to exceed 50 pages in support of Defendants'

3    upcoming separate motions to dismiss Plaintiffs' copyright claims pursuant to

4    Federal Rule of Civil Procedure 12(b)(6) and strike Plaintiffs' state law claims

5    pursuant to California's anti-SLAPP statute, California Code of Civil Procedure

6    § 425.16. Defendants also ask for leave to file only one set of exhibits in support of

7    both motions. Defendants have now met and conferred with Plaintiffs about this

8    relief and Plaintiffs oppose the filing of a consolidated brief but are amenable to

9    the filing of only one set of exhibits.

10    Given the various Orders respecting the Covid-19 pandemic and general

11    considerations concerning what is considered "emergency" relief, Defendants have

12    not styled this as an *ex-parte* application. However, Defendants respectfully ask the

13    Court for an expeditious ruling because Defendants' filing deadline of July 13 is

14    rapidly approaching.

15    As grounds for their request, Defendants state as follows:

16    Plaintiffs' lawsuit asserts four causes of action—a claim for copyright

17    infringement under the U.S. Copyright Act, which is actually eight separate claims

18    of copyright infringement brought by 3 of the 4 Plaintiffs, and three state law

19    claims asserted by all Plaintiffs.[1] In response, Defendants intend to move the Court

20    to dismiss Plaintiffs' claim(s) for copyright infringement for failure to state a

21    claim. Defendants also to intend to move the Court to strike Plaintiffs' state law

22    claims pursuant to California's anti-SLAPP statute for failure to state a claim, or

23    alternatively to dismiss should the Court find the statute inapplicable.[2]

24

25

---

26    [1] Plaintiffs have already amended their complaint once; their First Amended Complaint is the operative pleading. Dkt. No. 20.

27    [2] As the point of this application is to seek procedural relief, Defendants will not address the merits of Plaintiffs' claims or the substance of their motions at this

28    time other than as is relevant to this application.

1   These motions are generally filed separately because they depend on

2   different grounds for relief and because a defendant has an automatic appeal right

3   from the denial of an anti-SLAPP motion to strike. That being said, here, there is

4   overlap in the facts and the argument. For example, Defendants are moving to

5   dismiss the copyright claims solely on the grounds that there is no copying (and,

6   hence, no infringement) because there is no substantial similarity in protected

7   expression between the 8 episodes of Plaintiff's show, *Scare Tactics*, and 7

8   episodes of Defendants' show, *Prank Encounters*, at issue. This same argument

9   also warrants striking Plaintiffs' state law claims. Thus, while there are additional

10   reasons for striking Plaintiffs' state law claims, the lack of substantial similarity

11   argument—which is lengthy given the number of works at issue—is relevant to

12   both motions. Thus, it would promote judicial economy and efficiency for

13   Defendants to prepare and file—and the Court to consider—a single consolidated

14   brief. These same considerations also warrant Defendants filing only one set of

15   exhibits in support of their motions. Otherwise, Defendants will have to submit

16   two briefs and two sets of exhibits that will be, in part, redundant or will need to

17   refer to and incorporate arguments from one brief to the other. This Court, in turn,

18   will either have to re-read (or cross-reference) arguments made in separate briefs

19   and watch or review duplicative exhibits.

20   This is highly inefficient and there is no reason to put Defendants or the

21   Court to the time and expense of such an endeavor. Plaintiffs seem to understand

22   the inefficiency inherent in separate briefs and records because they are amenable

23   to there being a single record. However, they still oppose Defendants' filing a

24   consolidated brief, contending that the arguments are different and different

25   appellate rights attach. Those concerns are unfounded because (a) the Court can

26   easily distinguish between arguments and evidence unique to the anti-SLAPP

27   motion and (b) how the motions are submitted will not affect the parties' appellate

28   rights.

1    Moreover, filing a consolidated brief would allow Defendants to file a single
2    brief of 50 pages, which means it will be no longer than the combined allowable
3    length of separate briefs.  *See* Local Rule 11-6 (limiting briefs to 25 pages).
4    Otherwise, given that each brief has a 25-page limit but Defendants will need to
5    address the lack of substantial similarity between 8 of Plaintiffs' episodes and 7 of
6    Defendants' episodes and make other arguments, Defendants will almost certainly
7    have to ask the Court for leave to file oversized briefs, resulting in even more
8    pages than they would otherwise need. (Defendants reserve their right to seek such
9    relief should the Court deny this request.)

10   Finally, so there is no confusion, Defendants are not asking the Court to
11   require Plaintiffs to file a consolidated opposition brief. Defendants leave that
12   choice to Plaintiffs and also reserve their right to file a consolidated reply brief or
13   separate reply briefs depending on what makes the most sense once Plaintiffs have
14   filed their opposition.

15

16   DATED: JULY 2, 2020              MITCHELL SILBERBERG & KNUPP LLP

17

18                                   By: /s/ Aaron M. Wais
19                                       Aaron M. Wais
                                         Attorneys for Defendants
20                                       Kevin Healey and Propagate Content,
                                         LLC
21

22

23

24

25

26

27

28