Richard L. Charnley (SBN 70430)
Nicole W. Uhlmann (SBN 200783)
**CHARNLEY RIAN LLP**
12121 Wilshire Blvd. Suite 600
Los Angeles, CA 90025
Telephone: 310.321.4300
Facsimile: 310.893.0273
Email: rlc@charnleyrian.com
Email: nwu@charnleyrian.com

*Attorneys for Plaintiffs Scott Hallock; WMTI Productions, Inc.; WMTI Productions North, Inc.; and The Next Season Company, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. HALLOCK, an individual; WMTI PRODUCTIONS, INC., a California corporation; WMTI PRODUCTIONS NORTH, INC., a Canadian corporation; and THE NEXT SEASON COMPANY, INC., a Canadian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN HEALEY, an individual; PROPAGATE CONTENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02726 CJC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR LEAVE TO FILE A CONSOLIDATED BRIEF AND EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COPYRIGHT CLAIMS AND ANTI-SLAPP MOTION TO STRIKE PLAINTIFFS' STATE LAW CLAIMS** |

1    Plaintiffs SCOTT HALLOCK, an individual, WMTI Productions, Inc., a
2    California corporation, WMTI Productions North, Inc., a Canadian corporation;
3    and THE NEXT SEASON COMPANY, Inc., a Canadian corporation, oppose
4    Defendants' application for leave to file a consolidated brief in support of
5    Defendants' two motions to dismiss Plaintiffs' copyright claims and, in the form of
6    an anti-SLAPP motion, to strike Plaintiffs' state law claims (Doc. #23) because:
7        (1) the grounds for relief for each motion differ;
8        (2) the evidence the Court is permitted to consider for each motion differs;
9    and,
10       (3) the automatic right to immediate appeal differs.
11   The purported judicial economy and efficiency espoused by Defendants in
12   support of their application is outweighed by the quagmire presented by the
13   differing grounds, evidentiary standards and appeal rights presented by the different
14   motions.

### I.   The Grounds for Relief Differ

As conceded by Defendants, FRCP Rule 12 (b)(6) motions to dismiss and anti-SLAPP motions to strike "are generally filed separately because they depend on different grounds for relief." (Doc. #23, 3:1-2). The grounds for relief in a federal copyright claim, upon which Defendants' anticipated FRCP Rule 12(b)(6) motion to dismiss are based, differ from the grounds for relief in Plaintiffs' state law claims, upon which Defendants' anticipated anti-SLAPP motion to strike Plaintiffs' state law claims will be based.

The fact that Defendants have articulated that they intend to base both the motion to dismiss (federal copyright claim) and the anti-SLAPP motion to strike (state law claims)[1] on the same grounds is irrelevant to the Court's determination of both motions (and in fact the gravamen of Plaintiffs' state law claims differs

---
[1] Plaintiffs' state law claims include breach of contract (covenant of good faith and fair dealing), interference with contract, and breach of contract.

1.

significantly from the federal copyright claim(s)).

Defendants assert that all of Plaintiffs' claims should be dismissed because there is no copying (and, hence, no infringement). However, the element of copying is not necessarily a required element of Plaintiffs' second, third or fourth claims. Moreover, Plaintiffs' burdens in defeating a motion to dismiss differ significantly from those required in an anti-SLAPP setting.

## II. The Evidence The Court is Permitted to Consider Differs

The evidentiary standards for Defendants' motion to dismiss Plaintiffs' copyright claims must rely solely on the Plaintiffs' complaint. These standards differ from those anticipated the proposed anti-SLAPP motion to strike Plaintiffs' state law claims. Thus, the motions themselves are two different animals, and (without reviewing the actual documents planned by the Defendants), it may actually "more efficient" to consider these motions separately. Certainly, this would be the case with Plaintiffs' separate oppositions. Thus, the articulated judicial economy derived from consolidating the motions is outweighed by the confusion attendant with different evidentiary standards.

## III. The Automatic Right to Appeal Differs

Defendants also concede that FRCP Rule 12(b)(6) motions to dismiss are generally filed separately from anti-SLAPP motions to strike state law claims brought in federal court because the automatic right to appeal differs. Yet if there is a "single" memorandum that moves back and forth with argument, fact and evidence, it will be more difficult, not more efficient, to process an appeal in the unlikely event that Defendants prevail on either or both of their anticipated motions.

## IV. Conclusion

In the background of the two anticipated motions is the possibility that this Court may dismiss Plaintiffs' copyright claims. While Plaintiffs' believe this is highly unlikely, if such a dismissal were to occur, then a question of this Court's

2.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR LEAVE TO FILE A CONSOLIDATED BRIEF AND EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND ANTI-SLAPP MOTION

continuing jurisdiction could arise (i.e. without a Federal Question, this Court may very well have no further jurisdiction and hence no need to rule on the anti-SLAPP motion that addresses only state law claims for which there would be no jurisdictional underpinning). For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' application to file a consolidated brief in support of Defendants' motion to dismiss Plaintiffs' copyright claims and Defendants' anti-SLAPP motion to strike Plaintiffs' state law claims.

Again, Plaintiffs do not oppose Plaintiffs' filing a consolidated record of exhibits in support of two motions (FRCP Rule 12(b)(6) motion to dismiss and anti-SLAPP motion to strike) --- with the understanding that Defendants' will, when appropriate, avoid references to evidentiary exhibits in the "common record" that would inappropriate for consideration of a motion to dismiss.

Dated: July 2, 2020

CHARNLEY RIAN LLP

By: /s/ Richard Charnley

Richard L. Charnley
Nicole W. Uhlmann
*Attorneys for Plaintiffs Scott Hallock, WMTI Productions, Inc., WMTI Productions North, Inc., The Next Season Company, Inc.*

3.