AARON M. WAIS (SBN 250671)
amw@msk.com
GABRIELLA A. NOURAFCHAN (301594)
gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Kevin Healey and Propagate Content, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. HALLOCK, an individual; WMTI PRODUCTIONS, INC., a California corporation; WMTI PRODUCTIONS NORTH, INC., a Canadian corporation; and THE NEXT SEASON COMPANY, INC., a Canadian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN HEALEY, an individual; PROPAGATE CONTENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-02726 CJC (MAAx)<br><br>Honorable Cormac J. Carney<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND EACH OF THE CAUSES OF ACTION STATED THEREIN (FRCP 12(b)(6))**<br><br>Hearing Date: September 14, 2020<br>Time: 1:30 p.m.<br>Location: Courtroom 9B<br><br>File Date: March 24, 2020<br>Trial Date: TBD |

Mitchell Silberberg & Knupp LLP

12312471.1

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

# NOTICE OF MOTION

## TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on September 14, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard in 411 West Fourth Street, Courtroom 9B, Santa Ana, CA, 92701-4516, Defendants Kevin Healey ("Healey") and Propagate Content, LLC ("Propagate," collectively with Healey, "Defendants") will and hereby do move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing, with prejudice, in their favor the First Amended Complaint filed by Plaintiffs Scott Hallock ("Hallock"), WMTI Productions, Inc. ("WMTI US"), WMTI Productions North, Inc. ("WMTI North"), and The Next Season Company, Inc. ("TNSCI")[1] in its entirety. As grounds, Defendants state the following:

1.  Plaintiff WMTI US's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Camp Scarecrow" infringes *Scare Tactics* episode 101 ("Camp Kill") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

2.  Plaintiff WMTI US's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Face Fears" infringes *Scare Tactics* episode 117 ("Dangerous Obsession") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

3.  Plaintiff WMTI US's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Fright at the Museum" infringes *Scare Tactics* episode 206 ("The Mummy") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression. This is true

---

[1] WMTI US, WMTI North, and TNSCI are referred to collectively as the "Corporate Plaintiffs." Hallock and the Corporate Plaintiffs are referred to collectively as "Plaintiffs."

regardless of which version is actually being sued on. *Compare* FAC Ex. 19 to Ex. 33.

4. Plaintiff WMTI US's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Urgent Scare" infringes *Scare Tactics* episode 301 ("Satan's Baby") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

5. Plaintiff WMTI US's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Storage War of the Worlds" infringes *Scare Tactics* episode 305 ("Phantom Power") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

6. Plaintiff WMTI North's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Split Party" infringes *Scare Tactics* episode 401 ("It's My Party") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

7. Plaintiff WMTI North's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "End of the Road" infringes *Scare Tactics* episode 405 ("Road Kill") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

8. Plaintiff TNSCI's claim for copyright infringement (COA 1) alleging that the *Prank Encounters* episode "Split Party" infringes *Scare Tactics* episode 509 ("Send in the Clowns") fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

9. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing (COA 2) implied in a 2016 settlement agreement between Hallock and Healey fails because, as a matter of law, (a) the claim is preempted by the U.S. Copyright Act; (b) there is no copying of protected expression; (c) the acts complained to have breached the implied covenant are expressly permitted by the relevant agreement, which means there can have been no breach; and (d) Plaintiffs

fail to allege any actual deprivation of rights or benefits under the contract. The Corporate Plaintiffs' claim fails for the independent reason that they are not parties to the agreement and thus lack standing to assert a claim for breach of the implied covenant. The claim as alleged against Propagate fails for the independent reason that Propagate is not a party to the agreement.

10. Plaintiffs' claim against Propagate only for tortious interference (COA 3) with 2016 settlement agreement between Hallock and Healey fails because, as a matter of law, (a) the claim is preempted by the U.S. Copyright Act; (b) there is no copying of protected expression; (c) Healey's acts about which Plaintiffs complain are expressly permitted by the relevant agreement, which means there can have been no interference; (d) Plaintiffs fail to allege any actual deprivation of rights or benefits under the contract, which means there is no interference alleged; and (e) Plaintiffs fail to allege knowledge sufficient to support the claim. The Corporate Plaintiffs' claim fails for the independent reason that they are not parties to the agreement and thus lack standing to assert a claim for interference with contract.

11. Hallock's claim against Healey for breach of contract (COA 4) based on a 2012 settlement agreement fails because, as a matter of law, (a) Healey did not breach the agreement, (b) any claim that Healey breached the agreement by copying *Freak Encounters* is preempted by the U.S. Copyright Act; and (c) there was no copying of protected expression.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place on May 13, June 16, and June 18, 2020.

This Motion is based upon this Notice of Motion; the accompanying Consolidated Memorandum of Points and Authorities in support of this Motion and Defendants' concurrently filed motion to strike Plaintiffs' state law claims

pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16; the concurrently submitted Request For Judicial Notice; the Consolidated Declaration of Gabriella A. Nourafchan and exhibits thereto; the Declaration of Kevin Healey and exhibit thereto; all pleadings and other records on file in this action; and such further evidence and arguments as may be presented at or before any hearing on the Motion.

DATED: July 13, 2020                    MITCHELL SILBERBERG & KNUPP LLP

By:     /s/ Aaron M. Wais
    Aaron M. Wais (SBN 250671)
    Gabriella A. Nourafchan (301594)
    Attorneys for Defendants Kevin Healey
    and Propagate Content, LLC