1  AARON M. WAIS (SBN 250671)
     amw@msk.com
2  GABRIELLA A. NOURAFCHAN (SBN 301594)
     gan@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Defendants
   Kevin Healey and Propagate Content, LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | SCOTT W. HALLOCK, an individual;       CASE NO. 2:20-cv-02726 CJC (MAAx)
   | WMTI PRODUCTIONS, INC., a
12 | California corporation; WMTI           Honorable Cormac J. Carney
   | PRODUCTIONS NORTH, INC., a
13 | Canadian corporation; and THE NEXT     **DEFENDANTS PROPAGATE**
   | SEASON COMPANY, INC., a                **CONTENT, LLC AND KEVIN**
14 | Canadian corporation,                  **HEALEY'S NOTICE OF MOTION**
   |                                        **AND MOTION FOR ATTORNEY**
15 |            Plaintiffs,                  **FEES; MEMORANDUM OF POINTS**
   |                                        **AND AUTHORITIES IN SUPPORT**
16 |       v.                               **THEREOF**

17 | KEVIN HEALEY, an individual;           Hearing Date:  November 9, 2020
   | PROPAGATE CONTENT, LLC, a              Time:          1:30 p.m.
18 | Delaware Limited Liability Company;    Location:      Courtroom 9B
   | and DOES 1 through 100, inclusive,                    411 West Fourth Street
19 |                                                       Santa Ana, CA 92701
   |            Defendants.
20 |                                        File Date:     March 24, 2020
                                            Trial Date:    TBD
21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

12559694.1

---

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

**TO PLAINTIFFS AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that on November 9, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendants Kevin Healey and Propagate Content, LLC (collectively, "Defendants") will and hereby do move the Court for an order awarding attorney's fees and costs incurred by Defendants in successfully striking the second and third causes of action asserted by Plaintiffs Scott Hallock ("Hallock"), WMTI Productions, Inc. ("WMTI US"), WMTI Productions North, Inc. ("WMTI North"), and The Next Season Company, Inc. ("TNSCI"), along with the fees and costs incurred to pursue this motion for attorney's fees. Specifically, Defendants seek an award of **$148,959** in fees, which consists of the **$124,343** in attorney's fees incurred in connection with Defendants' successful anti-SLAPP motion as to Plaintiffs' second and third claims for relief and the **$24,616** in attorney's fees incurred in bringing this motion for attorney's fees. Defendants will seek any further amounts associated with filing reply papers in support of this Motion once those amounts are known.

This Motion is made on the following grounds:

***First***, the fee award is mandated by California's anti-SLAPP statute, Code of Civil Procedure § 425.16. Specifically, on September 24, 2020, the Court granted Defendants' special motion to strike Plaintiffs' second and third claims for relief pursuant to California's anti-SLAPP statute without leave to amend. Code of Civil Procedure § 425.16(c) provides that a defendant who succeeds on an anti-SLAPP motion shall recover its attorney's fees incurred in connection with the motion. Because they prevailed on their motion, Defendants are entitled to recover their attorney's fees relating to their successful anti-SLAPP motion, as well as the fees that are "inextricably intertwined" with the foregoing efforts. Moreover, the fees sought by Defendants are reasonable.

***Second***, a fee award in favor of Healey and against Hallock is also supported by the parties' 2016 agreement, which states that "[i]n the event of any litigation

arising from any alleged breach of this Agreement," the "substantially prevailing party shall be entitled to recover … all reasonable costs incurred including court costs and attorneys' fees, and all other related expenses incurred in such litigation." Here, Hallock's second and third claims for relief arise out of the alleged breach of the 2016 agreement. Because Healey prevailed in dismissing and striking these claims, he is the substantially prevailing party under the contract. Accordingly, this separate ground also supports him recovering his attorney's fees relating to his successful defense of these claims, as well as the fees that are "inextricably intertwined" with the foregoing efforts. These fees, which are the same as those sought pursuant to the anti-SLAPP statute, are reasonable.

This Motion is timely made within 14 days of the Court's September 24, 2020 Order striking and dismissing Plaintiffs' second and third causes of action. *See* Dkt No. 46. *See* Local Rule 54-7.

This motion is also made following the conference of Counsel pursuant to Local Rule 7-3, which took place on October 6, 2020.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Aaron M. Wais and the exhibits thereto; all pleadings and other records on file in this action; and such further evidence and arguments as may be presented at or before any hearing on this Motion.

DATED: OCTOBER 8, 2020          MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ Aaron M. Wais
          Aaron M. Wais
          Gabriella A. Nourafchan
          Attorneys for Defendants
          Kevin Healey and Propagate Content,
          LLC

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

# **TABLE OF CONTENTS**

**Page**

I.     SUMMARY OF ARGUMENT ...................................................................9

II.    RELEVANT FACTUAL BACKGROUND .................................................10

   A.    Plaintiffs Ignore Defendants' Demands to Dismiss Their State
         Law Claims Arising Out of the 2016 Agreement, Thereby Forcing
         Defendants to Incur Fees in Moving to Strike Those Claims.............10

III.   DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEY'S
       FEES............................................................................................................13

   A.    California's Anti-SLAPP Statute Mandates an Award of
         Attorney's Fees to Propagate. ..........................................................13

   B.    The Fees Sought are Reasonable and Were Necessitated by
         Plaintiff's Meritless Claims and Unnecessary Litigation Tactics.......15

      1.    The hourly rates of Defendants' attorneys are reasonable. ......16

      2.    The number of hours expended by Propagate's attorneys is
            reasonable. ...............................................................................19

IV.    CONCLUSION ........................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adolph Coors Co. v. Truck Ins. Exch.*,
  383 F. Supp. 2d 93 (D.D.C. 2005)...........................................................................16

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
  121 F. Supp. 3d 950 (C.D. Cal. 2015)....................................................................10

*Baskin-Robbins Franchising LLC v. Chun*,
  2019 WL 5268883 (N.D. Cal. Oct. 17, 2019).......................................................16

*Bernal v. Paradigm Talent & Literary Agency*,
  2010 WL 6397561 (C.D. Cal. June 1, 2010)..........................................................15

*Church of Scientology v. Wollersheim*,
  42 Cal. App. 4th 628...............................................................................................21

*City of Burlington v. Dague*,
  505 U.S. 557 (1992) ...............................................................................................14

*Cotton v. City of Eureka, Cal.*,
  889 F. Supp. 2d 1154 (N.D. Cal. 2012)..................................................................15

*Crawford v. City & Cty. of San Francisco*,
  2016 WL 4611555 (N.D. Cal. Sept. 6, 2016).........................................................14

*Dine v. Metro. Life Ins. Co.*,
  2011 WL 6131312 (C.D. Cal. Dec. 9, 2011)..........................................................17

*Dropbox, Inc. v. Thru Inc.*,
  2017 WL 914273 (N.D. Cal. Mar. 8, 2017) ...........................................................20

*Fischer v. SJB-P.D. Inc.*,
  214 F.3d 1115 (9th Cir. 2000) ...............................................................................18

*Fox v. Vice*,
  563 U.S. 826 (2011) ...............................................................................................18

*Goldberg v. Cameron*,
  2011 WL 3515899 (N.D. Cal. Aug. 11, 2011)........................................................17

Mitchell
Silberberg &
Knupp LLP

12559694.1

DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Graham-Sult v. Clainos,*
    756 F.3d 724 (9th Cir. 2014) ............................................................. 12

*Hensley v. Eckerhart,*
    461 U.S. 424 (1980) ................................................................... 14, 18

*Hirsch v. Compton Unified Sch. Dist.,*
    2013 WL 1898553 (C.D. Cal. May 3, 2013) ..................................... 17

*In re Animation Workers Antitrust Litig.,*
    2016 WL6663005 (N.D. Cal. Nov. 11, 2016) .................................... 16

*Islamic Center of Mississippi v. City of Starkville,*
    876 F.2d 465 (5th Cir. 1989) ............................................................ 16

*Jones v. Aetna Cas. & Sur. Co.,*
    26 Cal. App. 4th 1717 (1994) ........................................................... 10

*Jones v. Corbis Corp.,*
    2011 WL 4526084 (C.D. Cal. Aug. 24, 2011) ................................... 17

*Kearney v. Foley & Lardner,*
    553 F. Supp. 2d 1178 (S.D. Cal. 2008) ............................................. 13

*Ketchum v. Moses,*
    24 Cal. 4th 1122 (2001) .............................................. 12, 13, 14, 18

*Love v. Mail on Sunday,*
    2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) .................................... 17

*Metabolife Intern., Inc. v. Wornick,*
    213 F. Supp. 2d 1220 (S.D. Cal. 2002) ............................................. 21

*Millea v. Metro-North R.R. Co.,*
    658 F.3d 154 (2d Cir. 2011) ............................................................. 14

*Moore v. James H. Matthews & Co.,*
    682 F.2d 830 (9th Cir. 1982) ............................................................ 17

*Moreno v. City of Sacramento,*
    534 F.3d 1106 (9th Cir. 2008) .......................................................... 19

Mitchell
Silberberg &
Knupp LLP

12559694.1

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Nat'l Assoc. of Concerned Veterans v. Secretary of Def*,
675 F.2d 1319 (D.C. Cir. 1982)..........................................................16

*Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*,
776 F.2d 646 (7th Cir. 1985) ..........................................................16

*Perfect 10, Inc. v. Giganews, Inc.*,
2015 WL 1746484 (C.D. Cal. Mar. 24, 2015), *aff'd,* 847 F.3d 657
(9th Cir. 2017) ............................................................................17

*Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*,
163 Cal. App. 4th 550 (2008)..........................................................21

*Robinson v. Lopez*,
2003 WL 23162906 (C.D. Cal. Nov. 24, 2003) ................................20

*Russell v. Foglio*,
160 Cal. App. 4th 653 (2008)..........................................................16

*Sorenson v. Mink*,
239 F.3d 1140 (9th Cir. 2001) ....................................................18, 21

*Tomazzoli v. Sheedy*,
804 F.2d 93 (7th Cir. 1986) ..........................................................16

*Tuchscher Dev. Enter., Inc. v. San Diego Unified Port Dist.*,
106 Cal. App. 4th 1219 (2003) ......................................................13

*Unicom Sys., Inc. v. Farmers Grp. Inc.*,
2009 WL 10670614 (C.D. Cal. June 29, 2009), aff'd, 405 F. App'x
152 (9th Cir. 2010) ......................................................................13

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) ........................................................16

*Vargas v. City of Salinas*,
200 Cal. App. 4th 1331 (2011)........................................................21

**STATUTES**

Cal. Civ. Code § 1717.....................................................................13

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES
<u>(continued)</u>

**<u>Page(s)</u>**

Cal. Civ. Proc. Code

§ 425.16 ................................................................................................. 8

§ 425.16(c) ........................................................................................... 13

§ 425.16(c)(1) ...................................................................................... 12

Mitchell
Silberberg &
Knupp LLP

12559694.1

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

# I.      SUMMARY OF ARGUMENT[1]

Plaintiffs unnecessarily increased Defendants' attorney's fees by filing meritless state law claims that sought to chill Defendants' First Amendment rights. Plaintiffs then continued to pursue these claims despite being put on notice by Defendants that their state law claims were preempted by the federal Copyright Act and otherwise failed as a matter of law and should properly be stricken pursuant to California's anti-SLAPP statute, Code of Civil Procedure § 425.16. As a result of Plaintiffs' actions, Defendants were forced to spend substantial attorney's fees moving to strike Plaintiffs' state law claims pursuant the anti-SLAPP statute, including replying to Plaintiffs' vigorous opposition. The amount of fees incurred by Defendants was further exacerbated by Plaintiffs' refusal to agree to economize Defendants' briefing of their anti-SLAPP motion.

On September 24, 2020, the Court granted Defendants' motion to strike as to two of Plaintiffs' state law claims—Plaintiffs' second and third claims for relief for breach of the implied covenant of good faith and fair dealing inherent in a 2016 agreement and tortious interference with that agreement—which were asserted against Propagate. It also struck these claims as asserted against Healey, although it denied the motion as to an additional claim for breach of a 2012 contract asserted only against Healey.

Pursuant to the anti-SLAPP statute, Defendants are entitled to recover their attorney's fees relating to their successful anti-SLAPP motion, as well as their fees incurred in bringing this motion for fees. Healey, in turn, is also entitled to recover attorney's fees pursuant to the 2016 agreement, which awards attorney's fees to the prevailing party in any dispute arising out of a breach of the 2016 agreement.

---

[1] "Plaintiffs" refers collectively to Scott Hallock ("Hallock"), WMTI Productions, Inc. ("WMTI US"), WMTI Productions North, Inc. ("WMTI North"), and The Next Season Company, Inc. ("TNSCI"). WMTI US, WMTI North, and TNSCI are referred to collectively as the "Corporate Plaintiffs." "Defendants" refer to Kevin Healey ("Healey") and Propagate Content, LLC ("Propagate").

Thus, by this motion, Defendants seek recovery of the **124,343** in attorney's fees that they incurred in connection with their anti-SLAPP motion, which is also the amount incurred defending against Plaintiffs' state law claims arising out of the alleged breach of the 2016 agreement. Defendants also seeks the **$24,616** in attorney's fees that they incurred in bringing this motion. The fees sought are reasonable and were necessitated by Plaintiffs filing baseless state law claims, refusing to withdraw them despite being put on notice of their lack of merit, and then unnecessarily increasing Defendants' fees through their litigation tactics. For these reasons, which are further explained below, the Court should grant Defendants' motion and award the **$148,959** in total fees sought.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    <u>Plaintiffs Ignore Defendants' Demands to Dismiss Their State Law Claims Arising Out of the 2016 Agreement, Thereby Forcing Defendants to Incur Fees in Moving to Strike Those Claims.</u>

This Court is already familiar with the facts of this case. *See* Order Granting In Part Defendants' Motion to Dismiss [Dkt. 28] and Motion to Strike [Dkt. 29] (Dkt. No. 46) ("Order"). As is relevant here, Hallock and Healey are former business partners who created and exploited a number of reality-based television series, including *Scare Tactics*, a hidden camera prank show that originally aired on the Syfy Channel. First Amended Complaint (Dkt. No. 20) ("FAC") ¶ 18. In 2011, disputes arose between Hallock and Healey, which they settled, in part, through a 2016 settlement agreement. *See* FAC, Ex. 1 (the "2016 Agreement").[2] Among other provisions, the 2016 Agreement states that "[i]n the event of any litigation arising from any alleged breach of this Agreement," the "substantially prevailing party shall be entitled to recover … all reasonable costs incurred

---

[2] Certain other parts of the dispute were settled through a 2012 settlement agreement (the "2012 Agreement").

Mitchell
Silberberg &
Knupp LLP

12559694.1

10

1    including court costs and attorneys' fees, and all other related expenses incurred in

2    such litigation." FAC, Ex. 1, p. 8 at ¶ 19.

3         On March 24, 2020, Plaintiffs filed a Complaint against Defendants. All

4    Plaintiffs purported to assert claims for alleged breach of the implied covenant of

5    good faith and fair dealing inherent in the 2016 Agreement and tortious

6    interference with that agreement.[3] *See* Complaint (ECF No. 1) ("Cmplt.") ¶¶ 70-84

7    (second and third claims for relief, respectively). These claims arose from

8    Plaintiffs' contention that episodes of *Prank Encounters* used protected elements

9    from episodes of *Scare Tactics* in violation of the 2016 Agreement. *See id*. The

10   Corporate Plaintiffs also asserted claims of copyright infringement against

11   Defendants over the *Prank Encounters* episodes. Cmplt. ¶¶ 18-69 (first claim for

12   relief). Finally, Hallock alone asserted a claim for breach of the 2012 Agreement

13   against Healey only. Cmplt. ¶¶ 85-96 (fourth claim for relief).

14        On May 7, 2020, after investigating the factual and legal merits of Plaintiffs'

15   claims, Defendants' counsel sent an email to Plaintiffs' counsel explaining that,

16   among other things, Plaintiffs' state law claims were "preempted by the Copyright

17   Act" and failed as a matter of law for other reasons. Declaration of Aaron M. Wais

18   ("Wais Decl.") ¶ 7 & Ex. 1. Defendants' counsel also explained that because "the

19   creation, production, and distribution of *Prank Encounters* are acts in furtherance

20   of free speech on a matter of public interest … Plaintiffs' state law claims fall

21   within the scope of California's anti-SLAPP statute" and, because Plaintiffs could

---

22   [3] While the Court did not reach this issue in deciding Defendants' motions, only

23   Hallock and Healey are parties to the 2016 Agreement. *See* FAC, Ex. 1, p.1
     (identifying parties to agreement) & p. 8 (agreement executed only by Hallock and

24   Healey). Thus, in reality, only Hallock could properly assert a claim for breach of
     the implied covenant and tortious interference. *See Almont Ambulatory Surgery*

25   *Ctr., LLC v. UnitedHealth Grp., Inc.*, 121 F. Supp. 3d 950, 981 (C.D. Cal. 2015)
     (dismissing claim because plaintiff did not meet the "elemental requirement that it

26   be an actual party to the contracts with which it asserts interference"); *Jones v.*
     *Aetna Cas. & Sur. Co.*, 26 Cal. App. 4th 1717, 1722 (1994) (affirming dismissal of

27   non-party's claim; "someone who is not a party to the contract has no standing to
     enforce it"). Nevertheless, Plaintiffs styled their Complaint and FAC to assert the

28   claims on behalf of all Plaintiffs.

1    not prevail on the claims, they would be stricken pursuant to the statute. *Id*.

2    Thereafter, the parties met and conferred about Defendants' intent to move to

3    strike Plaintiffs' state law claims if Plaintiffs did not dismiss the same. *Id*.

4         Plaintiffs, however, declined to dismiss their state law claims. *Id*. Rather, on

5    May 29, 2020, Plaintiffs filed a First Amended Complaint that reasserted these

6    claims. *See* FAC ¶¶ 72-86. Thus, on June 16, 2020, Defendants' counsel sent

7    another email reiterating that the state law claims remained deficient and subject to

8    being stricken pursuant to the anti-SLAPP statute. Wais Decl. ¶ 8, Ex. 2. Plaintiffs

9    again declined to dismiss these claims. *Id*., ¶ 9. As such, Defendants had no choice

10   but to incur substantial attorney's fees to move to strike the state law claims. *Id*.

11        In doing so, Defendants endeavored to economize their briefing so as to

12   keep their fees down. *Id*., ¶ 10. Specifically, because Defendants were also moving

13   to dismiss Plaintiffs' copyright infringement claims, as well as the state law claims

14   in the event the Court held that the anti-SLAPP statute did not apply, Defendants

15   asked Plaintiffs to consent to Defendants consolidating their briefing of the

16   motions. *Id*. ¶ 10 & Ex. 3. Plaintiffs, however, refused to consolidate the briefing.

17   *Id*. As a result, Defendants had to apply to this Court to file a consolidated opening

18   brief, an application that Plaintiffs opposed. *See* Dkt. Nos. 23-24. While the Court

19   ultimately granted Defendants' request (Dkt. No. 26), because Plaintiffs refused to

20   consent, Defendants could not know whether a consolidated brief would be

21   allowed. Wais Decl. ¶ 11. Thus, Defendants initially drafted, in part, separate

22   briefs—one supporting the motion to dismiss and one supporting the motion to

23   strike. *Id*., ¶ 11. It was only after the Court granted the application that Defendants

24   were able to fully consolidate their briefs, which means that Plaintiffs' position

25   actually resulted in more work for Defendants. *Id*.

26        Plaintiffs then filed vigorous oppositions to both motions, including filing a

27   separate, surreptitiously oversized brief opposing Defendants' motion to strike and

28   a declaration. *Id*., ¶ 12. Defendants again asked Plaintiffs to consent to Defendants

1  consolidating their briefing on reply. *Id.* ¶ 13 & Ex. 4. Plaintiffs, however, again

2  refused. *Id.* Thus, Defendants had to apply to this Court to file a consolidated reply

3  brief, which Plaintiffs again opposed. *See* Dkt. Nos. 38-40. The Court again

4  granted Defendants' request. *See* Dkt. No. 41.

5      On September 24, 2020, the Court ruled on Defendants' motions. On

6  Defendants' anti-SLAPP motion, the Court concluded that Defendants had

7  sustained their burden of proving that all of Plaintiffs' state law claims arose from

8  acts in furtherance of Defendants' free speech rights in connection with a matter in

9  connection with an issue of public interest. *See* Order, pp. 22-23. The Court then

10  concluded that Plaintiffs had not shown a probability of prevailing on their second

11  and third claims for relief because those claims were preempted by the Copyright

12  Act (*id.* p. 23), the very ground that Defendants had raised in May, 2020 (Wais

13  Decl., ¶ 7 & Ex. 1).[4] Accordingly, the Court struck these claims with prejudice.

14  **III.   DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEY'S**

15      **FEES.**

16      **A.   California's Anti-SLAPP Statute Mandates an Award of**

17          **Attorney's Fees to Propagate.**

18      In federal court, "[s]tate law governs attorney's fees awards based on state

19  fee-shifting laws, like California's anti-SLAPP statute." *Graham-Sult v. Clainos*,

20  756 F.3d 724, 751 (9th Cir. 2014). Under California law, an award of attorney's

21  fees to a prevailing defendant on an anti-SLAPP motion to strike is mandatory. *See*

22  Cal. Civ. Proc. Code § 425.16(c)(1) ("[A] prevailing defendant on a special motion

23  to strike shall be entitled to recover his or her attorney's fees and costs."); *Ketchum*

24  *v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a

25  successful motion to strike is entitled to mandatory attorney fees."). The fee

26  _____

27  [4] The Court also dismissed four of the Corporate Plaintiffs' copyright claims with prejudice. *See id.* The Court, however, did allow four other copyright claims to proceed, as well as Hallock's claim against Healey for allegedly breaching the

28  2012 Agreement. *Id.*

Mitchell
Silberberg &
Knupp LLP

12559694.1

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

shifting provision of California's Anti-SLAPP statute is "intended to discourage [] strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Ketchum*, 24 Cal. 4th at 1131 (quoting Cal. Civ. Proc. Code § 425.16(a)).

The scope of the fees and costs that the Court must award not only includes the fees incurred in connection with making the successful anti-SLAPP motion, but also all expenses "inextricably intertwined." *See*, *e.g.*, *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008) ("All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned."); *Tuchscher Dev. Enter., Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1230-31, 1248 (2003) (applying statute to encompass various ancillary proceedings "sufficiently connected to the [special] motion to strike"). In addition, the fee award includes "not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees" (*i.e.*, those fees incurred in moving for fees). *Ketchum*, 24 Cal. 4th at 1141.

Propagate prevailed entirely on its anti-SLAPP motion and is now entitled to a mandatory attorney's fees award under Section 425.16(c). So too is Healey as to the two state law claims asserted against him that he successfully struck. Healey is also entitled to recover fees pursuant to the 2016 Agreement as the prevailing party on Hallock's claims arising out of the alleged breach of that agreement. *See* Cal. Civ. Code § 1717; *Unicom Sys., Inc. v. Farmers Grp. Inc.*, 2009 WL 10670614, at *4 (C.D. Cal. June 29, 2009), aff'd, 405 F. App'x 152 (9th Cir. 2010).[5]

---

[5] Defendants need not wait until the end of this case to move for attorney's fees. *See, e.g., Crawford v. City & Cty. of San Francisco,* 2016 WL 4611555 (N.D. Cal. Sept. 6, 2016). Also, as the fees sought under the anti-SLAPP statute are the same as those sought pursuant to the contract (*see* Wais Decl. ¶ 1), they are not discussed separately.

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

1    Thus, the only issue remaining is for the Court to decide whether the fees
2    sought by Defendants are reasonable, which they are.

3    **B.**    **The Fees Sought are Reasonable and Were Necessitated by**
4          **Plaintiff's Meritless Claims and Unnecessary Litigation Tactics.**

5    Once a court determines that fees are warranted, it must determine the
6    reasonable value of the work performed. To determine the reasonableness of fees,
7    courts employ the "lodestar" method, which calculates the number of hours
8    reasonably expended multiplied by a reasonable hourly rate prevailing in the
9    community for similar work. *Ketchum*, 24 Cal. 4th at 1136; *Hensley v. Eckerhart*,
10   461 U.S. 424, 433 (1980) (lodestar calculated as "the number of hours reasonably
11   expended on the litigation multiplied by a reasonable hourly rate").

12   "[A]bsent circumstances rendering the award unjust, an attorney fee award
13   should ordinarily include compensation for *all* the hours *reasonably spent*,
14   including those relating solely to the fee." *Ketchum*, 24 Cal. 4th at 1133 (emphasis
15   in original). Indeed, there is "a 'strong presumption' that the lodestar represents the
16   'reasonable fee.'" *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citation
17   omitted). *See also Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.
18   2011) ("[T]he lodestar—the product of a reasonable hourly rate and the reasonable
19   number of hours required by the case—creates a 'presumptively reasonable fee.'")
20   (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and*
21   *Albany Cty. Bd. Of Elections,* 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue*
22   *v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)).

23   1.    Here, the appropriate lodestar figure in this case is **$148,959**, which
24   reflects the **$124,343** in attorney's fees incurred by Defendants in connection with
25   bringing the anti-SLAPP motion, as well as the additional **$ 24,616** in fees incurred
26   by Defendants in bringing this fee motion. Wais Decl. ¶¶ 1. In support of this
27   amount, Defendants submit the accompanying declaration of its lead counsel,
28   which describes in detail the experience and qualifications of the relevant

Mitchell
Silberberg &
Knupp LLP

12559694.1

15

timekeepers and the work performed, and confirms that the hourly rates and number of hours expended are reasonable and appropriately documented. *See generally, id.* Defendants also submit the corroborating invoices they received from their attorneys, which further prove, for each attorney, the date, the hours expended, and the nature of the work done. *Id.*, Ex. 5. A summary of the attorney's fees sought—as proven by the evidence provided—is as follows:

| Name | Title/Experience | Hourly Rate | Hours | Fees Incurred |
|---|---|---|---|---|
| Aaron Wais | Partner (19 years) | $695 | 141.9 | $98,620.50 |
| Craig Bradley | Associate (5 years) | $540 | 102.45 | $55,323.00 |
| James Berkley | Research Analyst (13 years) | $380 | 18.5 | $7,030.00 |
| Elana Moses | Paralegal (27 years) | $275 | 5.7 | $1,567.50 |
| **TOTAL** | | | | **$162,541.00** |
| **less 15% courtesy discount to Defendants** | | | | **$138,159.85** |
| **less 10% allocated to moving to strike fourth claim for relief** | | | | **$124,343.00 (rounded down)** |

Wais Decl. ¶ 22. Again, the total amount sought is reasonable both as to the attorneys' hourly rate and number of hours expended.

**1.  The hourly rates of Defendants' attorneys are reasonable.**

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1161 (N.D. Cal. 2012) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "The relevant community includes 'attorneys practicing in the forum district'—that is, the district in which the court sits," which here is the Los Angeles area. *Bernal v. Paradigm Talent & Literary Agency*, 2010 WL 6397561, at *6 (C.D. Cal. June

Mitchell
Silberberg &
Knupp LLP

12559694.1

16

1, 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

"To determine the prevailing market rate, courts may rely on attorney affidavits as well as decisions by other courts awarding similar rates for work in the same geographical region by attorneys with comparable levels of experience." *Baskin-Robbins Franchising LLC v. Chun*, 2019 WL 5268883, at *2 (N.D. Cal. Oct. 17, 2019) (internal quotation marks and citation omitted); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407-08 (9th Cir. 1990) ("Affidavits of the [attorney seeking fees] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [requesting attorney], are satisfactory evidence of the prevailing market rate."). Moreover, numerous courts have held that the actual rate charged by counsel to private clients is presumptively appropriate to use as a reasonable hourly rate. *See, e.g.*, *In re Animation Workers Antitrust Litig.,* 2016 WL6663005, at *6 (N.D. Cal. Nov. 11, 2016) ("An attorney's actual billing rate is presumptively appropriate to use as the lodestar market rate.") (granting motion for attorney's fees); *Adolph Coors Co. v. Truck Ins. Exch.*, 383 F. Supp. 2d 93, 97 (D.D.C. 2005) ("An attorney's usual billing rate, when in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, is presumptively reasonable.") (internal quotation omitted); *Nat'l Assoc. of Concerned Veterans v. Secretary of Def*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) ("[T]he actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate."); *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986) ("For private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm."); *Islamic Center of Mississippi v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) (attorney's uncontested customary billing rate is prima facie reasonable); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 660 (7th Cir. 1985) ("[H]ourly rates used to compute the lodestar are typically the

1    rates lawyers charge clients who pay on a regular basis . . . ."); *accord Russell v.*

2    *Foglio*, 160 Cal. App. 4th 653, 661-62 (2008).

3         Here, the hourly rates charged by Defendants' counsel for this case—$590

4    for a partner, $459 for a fifth year associate, 323 for a senior research analyst, and

5    $233 for a senior paralegal—are reasonable in light of each individual's

6    experience, level, and qualifications. *See* Wais Decl. ¶¶ 25-32. Moreover, the

7    hourly rates are commensurate or lower than those charged by comparable Los

8    Angeles firms. *See*, *e.g.*, *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at

9    *15-16 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (approving

10   rates of $350 to $690 for associates and finding reasonable the billing rates

11   between $610 to $750 per hour for junior partners); *Goldberg v. Cameron*, 2011

12   WL 3515899, *7 (N.D. Cal. Aug. 11, 2011) (hourly rates charged by Los Angeles

13   attorneys held to be reasonable, where partner rate was $550 in 2008 and 2009);

14   *Dine v. Metro. Life Ins. Co.*, 2011 WL 6131312, at *2-3 (C.D. Cal. Dec. 9, 2011)

15   ($600 hourly rate for partners held reasonable) (ERISA action); *Love v. Mail on*

16   *Sunday*, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007) (in intellectual property

17   case, partner rates between $540 and $690 an hour, associate rates between $305

18   and $460 per hour "are consistent with the rates charged by other highly-regarded

19   southern California law firms for similar work by attorneys of comparable

20   experience"). In fact, the rate charged is discounted from Defendants' counsel's

21   standard hourly rates. *See* Wais Decl. ¶ 25; *see also Moore v. James H. Matthews*

22   *& Co.*, 682 F.2d 830, 840 (9th Cir. 1982) (evidence that requested hourly rates are

23   standard supports the prevailing market rate).[6]

24

25   [6] The hourly rates charged by Mr. Berkley, a senior research analyst, and Ms.
     Moses, a senior litigation paralegal, are also reasonable and recoverable. *See* Wais

26   Decl. ¶¶ 25-32; *see, e.g.*, *Love*, 2007 WL 2709975, at *8 (approving paralegal rates
     at $220, $230, and $245 per hour); *Jones v. Corbis Corp.*, 2011 WL 4526084, at

27   *4-5 (C.D. Cal. Aug. 24, 2011) (awarding paralegal rate of $243); *Hirsch v.
     Compton Unified Sch. Dist.*, 2013 WL 1898553, at *3 (C.D. Cal. May 3, 2013)

28   (collecting cases granting between $200-$300 per hour for paralegal services).

1    In short, the hourly rates charged by Defendants' counsel are at or below the

2    prevailing market rates in the area and—especially considering the firm's

3    reputation, the primary attorney's substantial and focused expertise in copyright

4    law and anti-SLAPP litigation (Wais Decl. ¶¶ 25-32)—are reasonable.

5            **2.      The number of hours expended by Propagate's attorneys is**

6            **reasonable.**

7    An award of attorney's fees normally includes compensation for all hours

8    reasonably spent on the claims on which the party seeking fees prevailed, and

9    related claims. *See Ketchum*, 24 Cal. 4th at 1133; *Sorenson v. Mink*, 239 F.3d

10   1140, 1147 (9th Cir. 2001). As the party seeking fees, Defendants bear the burden

11   of adequately documenting and submitting evidence in support of the number of

12   hours expended, but need not submit comprehensive documentation. *See Hensley*,

13   461 U.S. at 433-34; *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)

14   (burden satisfied by listing hours spent and "identifying the general subject matter

15   of [the] time expenditures") (quotation omitted). There is no precise rule or

16   formula for making this determination and exactitude is not required. *See id.*; *see*

17   *also Fox v. Vice*, 563 U.S. 826, 839 (2011) (the goal in fee-shifting "is to do rough

18   justice, not to achieve auditing perfection").

19   Here, the number of hours expended by Defendants' counsel is reasonable

20   and properly supported by a declaration of counsel and corresponding invoices. As

21   detailed through both, Defendants seek reimbursement for the 268.55 hours spent

22   on this case from March 23, 2020, through August 24, 2020, which encompasses

23   the time spent by four timekeepers over a five-month span on a substantial number

24   of tasks directly relevant to Defendants' anti-SLAPP motion, plus the additional 49

25   hours spent on the instant motion. *See* Wais Decl. ¶¶ 3-24. Specifically, and as

26   substantiated by counsel's declaration and the invoices, these hours include time

27   spent, *inter alia*: (1) reviewing and investigating the merits of Plaintiffs' state law

28   claims and the basis for making an anti-SLAPP motion; (2) moving to strike

Mitchell
Silberberg &
Knupp LLP

12559694.1

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

pursuant to the anti-SLAPP statute, including (a) researching, collecting, and assembling evidence of the public interest in the topic of *Prank Encounters* and *Prank Encounters* itself, (b) reviewing and analyzing the 2016 Agreement and other facts relating to Plaintiffs' state law claims, (c) researching the law to support Defendants' arguments on both prongs of the anti-SLAPP statute—*e.g.*, case law in support of the application of the anti-SLAPP statute and case law in support of proving that Plaintiffs' claims were preempted and otherwise failed as a matter of law, drafting the memorandum of law, declaration, and other pleadings; (3) replying to Plaintiffs' opposition to Defendants' motion, including (a) reviewing and analyzing Plaintiffs' opposition papers and declarations and case law cited therein, further researching the law to reply to Plaintiffs' opposition, and drafting the reply memorandum and other pleadings, such as objections to Plaintiffs' evidence and responding to Plaintiffs' objections to Defendants' evidence; and (4) applying to file consolidated briefs when Plaintiffs unreasonably refused to agree to the same. *Id.* ¶¶ 3-15.

In the judgment of Defendants' counsel, who is very experienced in these types of disputes, the nature and extent of work performed was reasonably necessary to prevail on the motion. *See id.* ¶ 16. And indeed, Defendants did prevail. *See generally* Dkt. No. 46. The Ninth Circuit has recognized that, while the court necessarily has discretion in determining reasonableness, "[b]y and large, [it] should defer to the winning lawyer[s'] professional judgment as to how much time was required to spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This is particularly true here, where Defendants' successful anti-SLAPP motion will streamline discovery by obviating discovery into the negotiation and execution of the 2016 agreement, whether Healey breached the implied covenant inherent in that agreement, whether Propagate knew of the

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT THEREOF**

1   agreement and interfered with it, and the other allegations specific to the struck

2   state law claims (*e.g.*, knowledge of the agreement, agency).

3       Further, Defendants' counsel worked efficiently and economically. Lead

4   counsel worked with a single associate on the anti-SLAPP motion (another

5   associate assisted on the copyright claims), supported by a very experienced

6   research assistant who researched matters of public interest, and a very

7   experienced paralegal, who assisted in assembling materials and filing pleadings.

8   *Id.* ¶ 17. There was little duplication of efforts. *Id.* In addition, Defendants' counsel

9   reviewed the bills in the normal course and reduced or excluded any duplicative,

10  unproductive, or excessive hours prior to sending them to the client. *Id.* ¶ 35.

11  Moreover, "[t]he fact that [these] fees have been paid by [Defendants] or its insurer

12  'adds weight to the presumption of reasonableness.'" *Sazerac,* 2017 WL 6059271,

13  at *11 (citation omitted); *Robinson v. Lopez,* 2003 WL 23162906, at *3 (C.D. Cal.

14  Nov. 24, 2003) ("The actual billing arrangement provides a strong indication of

15  what private parties believe a 'reasonable' fee would be."); *Dropbox, Inc. v. Thru*

16  *Inc.*, 2017 WL 914273 at *4 (N.D. Cal. Mar. 8, 2017) ("The Court notes that

17  Dropbox has already paid counsel for these requested fees, which provides market

18  evidence of their reasonableness.").

19      Further, as is made clear by counsel's declaration, Defendants do not seek

20  all of their fees incurred in this case and specifically do not seek those fees

21  incurred in moving to dismiss the copyright claims or Hallock's claim against

22  Healey for breach of the 2012 Agreement. Instead, those fees solely allocable to

23  those activities have been excluded and are not being sought. As for those fees that

24  relate to both—*e.g.*, drafting a consolidated brief—Defendants only seek half of

25  those fees, which Defendants' counsel believes, in his professional judgment, is an

26  appropriate allocation. Wais Decl. ¶¶ 18-21.

27      The fees are also reasonable and appropriately awarded because Plaintiffs'

28  litigation tactics caused Defendants to incur the fees. Plaintiffs chose to file

preempted state law claims in the first instance. Plaintiffs then refused to dismiss these claims despite being put on notice twice that they were preempted (and otherwise deficient) and subject to being stricken under the anti-SLAPP statute. Plaintiffs then refused to allow Defendants to file consolidated briefs, thereby forcing Defendants to seek that relief from the Court and to otherwise incur additional fees due to duplicative briefing. Plaintiffs also vigorously opposed Defendants' anti-SLAPP motion, which required Defendants to vigorously reply. *Id.* ¶¶ 6-13.

Finally, courts have recognized that it is expensive for a defendant to achieve a dismissal of claims at an early stage of the case, even if those claims are meritless. As a result, courts have affirmed the reasonableness of fee requests in connection with anti-SLAPP motions for amount similar to or much greater than the amount requested by Defendants. *See, e.g.*, *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 556-63 (2008) (upholding attorney's fee and costs awards totaling over $200,000); *Vargas v. City of Salinas*, 200 Cal. App. 4th 1331, 1338 (2011) (upholding award to defendant of $226,928 in attorney fees and $2,495.84 in costs); *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658-59 (20 years ago, awarding $130,506.71 in fees and costs to defendant prevailing on an anti-SLAPP motion); *see also Metabolife Intern., Inc. v. Wornick* , 213 F. Supp. 2d 1220, 1220 (S.D. Cal. 2002) (awarding $318,688 in fees and costs to defendant prevailing on an anti-SLAPP motion).

Accordingly, and because Defendants' motion was granted, this Court should grant, to Defendants, their attorney's fees in full. *See Sorenson*, 239 F.3d at 1147 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.") (citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and award attorney's fees to Defendants in the amount of **$148,959**.


DATED: October 8, 2020                MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Aaron M. Wais
_____
       Aaron M. Wais (SBN 250671)
       Gabriella A. Nourafchan (301594)
       Attorneys for Defendants Kevin Healey
       and Propagate Content, LLC