AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Kevin Healey and Propagate Content, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. HALLOCK, an individual; WMTI PRODUCTIONS, INC., a California corporation; WMTI PRODUCTIONS NORTH, INC., a Canadian corporation; and THE NEXT SEASON COMPANY, INC., a Canadian corporation,<br><br>              Plaintiffs,<br><br>        v.<br><br>KEVIN HEALEY, an individual; PROPAGATE CONTENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>              Defendants. | CASE NO. 2:20-cv-02726 CJC (MAAx)<br><br>Honorable Cormac J. Carney<br><br>**DECLARATION OF AARON M. WAIS IN SUPPORT OF DEFENDANTS PROPAGATE CONTENT, LLC AND KEVIN HEALEY'S MOTION FOR ATTORNEY FEES**<br><br>Hearing Date:  November 9, 2020<br>Time:          1:30 p.m.<br>Location:      Courtroom 9B<br>               411 West Fourth Street<br>               Santa Ana, CA 92701<br><br>File Date:  March 24, 2020<br>Trial Date:  TBD |

Mitchell
Silberberg &
Knupp LLP

125550571.1

---

## DECLARATION OF AARON M. WAIS

I, Aaron M. Wais, declare:

I am an attorney at law duly licensed to practice law in the State of California and before this Court. I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), attorneys of record for Defendants Propagate Content, LLC and Kevin Healey ("Defendants"). I submit this declaration in support of Defendants' Motion for Attorney's Fees. Unless otherwise stated, I have personal knowledge of the following facts, and if called and sworn as a witness, could and would competently testify thereto.

## I.      Summary of Attorney's Fees Sought

1.      Through their Motion for Attorney's Fees, Defendants seek to recover a total of **$148,959** in attorney's fees. This amount includes the **$124,343** in attorney's fees that I, in good faith and by reviewing the invoices sent to Defendants for services rendered, calculated as being attributable to Defendants' moving to strike Plaintiffs' second and third claims for relief pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16, which is also the activity that we took to defend Mr. Healey against those claims. This amount also includes the **$24,616** in attorney's fees that I, in good faith and by reviewing the time records of the relevant attorneys and paralegals, calculated as being attributable to preparing and filing this motion for fees. (A short supplemental declaration for fees incurred in preparing the reply brief will be filed with the reply brief.)

2.      In my professional judgment, I believe the fees being sought are reasonable both as to the number of hours expended and the amount of the hourly rates being charged. I will now discuss each of these topics in turn.

## II.     Services Rendered by MSK

3.      As lead counsel, I am familiar with the work performed by MSK in connection with moving to strike Plaintiffs' second and third claims for relief

1  pursuant to California's anti-SLAPP statute and to defend Mr. Healey against those

2  claims. I have also reviewed the invoices that our firm sent to Defendants for work

3  related to these activities through August 31, 2020,[1] which substantiate the total

4  time reasonably spent on those activities and include detailed descriptions of the

5  work performed by each timekeeper and the number of hours that he or she spent

6  on each individual task. True and correct copies of those invoices are attached

7  hereto collectively as **Exhibit 5**. MSK maintains copies of invoices sent to clients

8  in the ordinary course of their business. The invoices have been redacted in three

9  ways: first, to protect the privacy of individuals; second, to protect the content of

10 privileged communications between me and my clients; and third, to exclude those

11 fees that do **_not_** relate to Defendants' moving to strike or defend against Plaintiffs'

12 second and third claims for relief.

13      4.      As lead counsel, I am also familiar with the work performed by MSK

14 in connection with the present motion for attorney's fees. I have also reviewed our

15 computerized billing records in order to substantiate the total time reasonably spent

16 preparing and filing this fee motion.

17      5.      Defendants engaged MSK in connection with this case shortly after

18 they received service of process in March 2020. Given the number of claims at

19 issue and their type, I decided to staff the case as follows: I enlisted one associate,

20 Gabriella Nourafchan, to primarily work with me in analyzing and moving to

21 dismiss the Corporate Plaintiffs' copyright infringement claims, including

22 conducting a substantial similarity analysis. I enlisted another associate, Craig

23 Bradley, to primarily work with me in analyzing and moving to strike and dismiss

24 Plaintiffs' second and third claims for relief, as well as Mr. Hallock's fourth claim

25

---

26 [1] As discussed below, these invoices were generated from contemporaneous time
   records entered into computerized billing software and maintained by MSK in the
27 normal course of business. Defendants have received the invoices for time billed
   through August 31, 2020; invoices reflecting time billed in September and October
28 relating to this fee motion will be sent in due course.

Mitchell
Silberberg &
Knupp LLP
12550571.1

**WAIS DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES**

for breach of contract against Mr. Healey. I enlisted a senior research analyst, Jim Berkley, to primarily work with me in researching and compiling evidence of the public's interest in pranks, prank shows, *Prank Encounters*, and the show's host, Gaten Matarazzo. Finally, I enlisted a senior paralegal, Elana Moses, to primarily work with me in assembling documents and evidence and otherwise preparing pleadings and other materials for filing.

6.     After assembling the team, we investigated the factual and legal merits of all of Plaintiffs' claims, including their second and third claims for relief. After investigating the factual and legal merits of Plaintiffs' claims, I believed, as is relevant here, that Plaintiffs' second and third claims for relief were preempted by the federal Copyright Act and otherwise deficient as a matter of law. I also believed that these claims arose out of Defendants' acts in furtherance of their free speech rights—namely, the creation, production, and distribution of a show, *Prank Encounters*. I further believed that *Prank Encounters* was in connection with matters of public interest, namely, the public's interest in pranks, prank shows, *Prank Encounters* itself, and *Prank Encounters*' host, Gaten Matarazzo. As such, I believed that if Plaintiffs continued to prosecute these claims they should be stricken pursuant to California's anti-SLAPP statute.

7.     As such, on May 7, 2020, I sent an email to Plaintiffs' counsel, Richard Charnley and Nicole Uhlmann, explaining Defendants' position. Attached hereto as **Exhibit 1** is a true and correct copy of my email to Plaintiffs' counsel. Thereafter, on or about May 13, 2020, I spoke to Mr. Charnley and Ms. Uhlmann about these issues and our intent to move to strike (and dismiss) Plaintiffs' second and third claims for relief. We also discussed my belief as the lack of merit of the Corporate Plaintiffs' copyright infringement claims and Mr. Hallock's fourth cause of action and our intent to also move to dismiss or strike these claims. Plaintiffs' counsel disagreed with our position and Plaintiffs did not dismiss their claims, including their second and third claims for relief.

8.      Instead, on May 29, 2020, Plaintiffs filed a First Amended Complaint, which reasserted their claims. Thus, on June 16, 2020, I sent another email to Plaintiffs' counsel reiterating our position. Attached hereto as **Exhibit 2** is a true and correct copy of an email chain including my initial June 16 email to Plaintiffs' counsel on this subject.

9.      Plaintiffs again declined to dismiss their claims, including their second and third claims for relief. As such, we had no choice but to invest substantial time and energy in moving to strike Plaintiffs' second and third claims for relief, as well as in moving to dismiss or strike Plaintiffs' remaining claims. This, in turn, resulted in my clients, Defendants, incurring substantial attorneys' fees related to these tasks.

10.      In so moving, we endeavored to economize the briefing so as to keep fees down. Specifically, we asked Plaintiffs to consent to us consolidating our briefing of the two motions, particularly given that the factual background and certain legal arguments overlapped. Attached hereto as **Exhibit 3** is a true and correct copy of the emails between me and Plaintiffs' counsel, in which I asked them to consent or not oppose consolidated briefing and they declined.

11.      As a result, we applied to this Court to file a consolidated opening brief, an application that Plaintiffs opposed. While the Court ultimately granted our request, because Plaintiffs refused to consent, we could not know whether a consolidated brief would be allowed in drafting our motion papers. Thus, at first, we partially drafted separate briefs—one supporting the motion to dismiss and one supporting the motion to strike. It was only after the Court granted the application that we were able to fully consolidate our briefs, which means that Plaintiffs' opposition to consolidation actually resulted in more work for us.

12.      Plaintiffs vigorous opposed our motions to dismiss and strike, including opposing our motion to strike by way of a separate, surreptitiously

1    oversized brief,[2] a declaration, and objections to our evidence in support of the

2    public interest prong. We analyzed all of Plaintiffs' pleadings, evidence, and case

3    law in support of their opposition to our motion to strike and began working on our

4    reply papers, which consisted of a reply memorandum, responses to Plaintiffs'

5    evidentiary objections, and our own objections to the declaration of Scott Hallock.

6         13.    Prior to filing our reply brief, I again asked Plaintiffs' counsel to

7    consent or not oppose Defendants consolidating their briefing on reply. Attached

8    hereto as **Exhibit 4** is a true and correct copy of the email chain between me and

9    Plaintiffs' counsel, regarding consolidated reply briefing and their objecting to

10   consolidation. Thus, we had to apply to this Court to file a consolidated reply brief,

11   which Plaintiffs again opposed. The Court again granted our request.

12        14.    As it pertains to Defendants' anti-SLAPP motion and defense of

13   Plaintiffs' second and third claims for relief, MSK provided substantive and

14   intensive legal services to Defendants. Specifically, Mr. Bradley, Mr. Berkley, Ms.

15   Moses, and I rendered the following services:

16        •      Mr. Bradley and I reviewed and investigated the merits of

17   Plaintiffs' state law claims and the basis for making an anti-SLAPP motion;

18        •      Mr. Bradley, Mr. Berkley, Ms. Moses, and I provided services

19   relating to moving to strike Plaintiffs' second and third claims for relief pursuant to

20   the anti-SLAPP statute, including but not limited to (a) Mr. Berkley researching,

21   collecting, and assembling evidence of the public interest in the topics identified

22   above and preparing a declaration to support this topic, and me reviewing this

23   evidence and Mr. Berkley's declaration, (b) Mr. Bradley and I reviewing and

24   analyzing the 2016 Agreement and other facts relating to Plaintiffs' state law

25   claims, (c) Mr. Bradley researching the law to support Defendants' arguments on

26   both prongs of the anti-SLAPP statute—e.g., case law in support of the application

27

28   [2] The brief was in 13.5 point font and used 10 point font for the footnotes.

1  of the anti-SLAPP statute and case law in support of proving that Plaintiffs' claims

2  were preempted and otherwise failed as a matter of law—and me reviewing this

3  law, (d) Mr. Bradley and I drafting the memorandum of law and other pleadings

4  supporting moving to strike, (e) Mr. Bradley and I applying for consolidated

5  briefing and (f) Ms. Moses assembling and preparing pleadings and other materials

6  for review and for filing.

7         •    Mr. Bradley, Mr. Berkley, and Ms. Moses provided services

8  relating to replying to Plaintiffs' opposition to Defendants' motion, including (a)

9  Mr. Bradley and I reviewing and analyzing Plaintiffs' opposition papers and

10  declarations and case law cited therein and further researching the law to reply to

11  Plaintiffs' opposition, (b) Mr. Bradley and I drafting the reply memorandum and

12  other pleadings, such as the objections to Mr. Hallock's declaration and responding

13  to Plaintiffs' objections to Defendants' evidence, (c) me applying to consolidate

14  the reply brief, and (d) Ms. Moses assembling and preparing pleadings and other

15  materials for review and for filing.

16         15.    A summary of the approximate number of hours attributable to each

17  of the foregoing categories, in total and itemized by timekeeper, is reflected in the

18  chart below.

19

| Category | Hours by Timekeeper | | | | |
|---|---|---|---|---|---|
|  | A. Wais | C. Bradley | J. Berkley | E. Moses | Total Hours |
| Review and investigate state law claims | 7.4 | 0 | 0.5 | 0 | 7.9 |
| Services related to moving to strike | 94.9 | 68.35 | 18 | 5.7 | 186.95 |
| Services related to reply | 39.6 | 34.1 | 0 | 0 | 73.7 |

16.     Based on my personal knowledge and supervision of the work performed in this case, as well as my experience representing many similar clients over the years, I believe that the number of hours that MSK spent on the foregoing tasks is reasonable and appropriate.

17.     Indeed, the case was leanly and efficiently staffed, with one associate handling a large portion of the anti-SLAPP work under my supervision, and with the occasional assistance of a senior research analyst and senior litigation paralegal on appropriate tasks. All attorneys and other professionals who performed work on this matter were responsible for different tasks and there was little duplication of efforts among us. In addition, any perceived inefficiency was due to Plaintiffs' tactics, as discussed above.

18.     Moreover, it should be noted that the hours identified above do not include the significant time incurred on matters unrelated to moving to strike the second and third claims for relief. Specifically, as mentioned, I reviewed all of the invoices in this case and excluded and redacted all fees solely related to moving to dismiss the Corporate Plaintiffs' copyright claims and Hallock's claim against Healey for breach of the 2012 Agreement. This was made easier by the fact that, as discussed above, Ms. Nourafchan primarily worked with me in analyzing the substantial similarity of *Scare Tactics* and *Prank Encounters* and otherwise seeking to dismiss the copyright claims. For this reason, I have excluded all of Ms. Nourafchan's fees from those being sought.

19.     I also excluded all other entries that concerned the substantial similarity analysis and seeking to dismiss the copyright claims. To this end, certain of Mr. Bradley's entries reference the motion to dismiss but I did not exclude these entries because his time was spent on researching case law or drafting arguments about why Plaintiffs' second and third claims for relief failed as a matter of law, which supported our anti-SLAPP motion.

20.     I also reviewed the invoices and identified any entries that referenced

work on both the motion to dismiss and the anti-SLAPP motion or consolidated briefing. These entries include my entries on 5/29, 6/1, 6/11, 7/2-7/7, 7/8 (2.5 and 1.6 entries), 7/10 (2.3 and 1.0 entries), 7/12, 7/13, 8/3-8/5, 8/7-8/10, 8/17-8/19, 8/20 (1.5 and 0.6 entries), and 8/20-8/24, as well as Mr. Bradley's entry on 7/3. For these entries, based on my personal knowledge of the work performed and professional judgment, I allocated 50% to the motion to dismiss the copyright claims and 50% to the motion to strike the state law claims.

21.     I also reviewed the invoices and identified and excluded any entries relating directly to Mr. Hallock's breach of contract claim against Mr. Healey (the fourth claim for relief). In addition, based on my personal knowledge and supervision of the work performed in this case, I know that we spent less time analyzing and seeking to strike Mr. Hallock's breach of contract claim against Mr. Healey. Based on my personal knowledge and professional judgment, I would estimate that approximately 10% of the time spent on the anti-SLAPP motion was devoted to this claim. Thus, I also discounted the overall fees being sought by 10% to reflect the percentage of work that I believe is appropriately attributable to moving to strike that claim.

22.     Based on the foregoing, the following is a summary of the attorney's fees incurred from March 23, 2020 through and including August 24, 2020, itemized by timekeeper, that are being sought for moving to strike Plaintiffs' second and third claims for relief. The hourly rates referenced are discussed below, starting with Paragraph 25:

| Name | Title/Experience | Hourly Rate | Hours | Fees Incurred |
|---|---|---|---|---|
| Aaron Wais | Partner (19 years) | $695 | 141.9 | $98,620.50 |
| Craig Bradley | Associate (5 years) | $540 | 102.45 | $55,323.00 |

Mitchell Silberberg & Knupp LLP

12550571.1

**WAIS DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES**

| Name | Title/Experience | Hourly Rate | Hours | Fees Incurred |
|---|---|---|---|---|
| James Berkley | Research Analyst (13 years) | $380 | 18.5 | $7,030.00 |
| Elana Moses | Paralegal (27 years) | $275 | 5.7 | $1,567.50 |
| | | **TOTAL** | | **$162,541.00** |
| **less 15% courtesy discount to Defendants** | | | | **$138,159.85** |
| **less 10% allocated to moving to strike fourth claim for relief** | | | | **$124,343.00 (rounded down)** |

23.     As for preparing and filing this motion, I primarily drafted this motion, with assistance from others. I reviewed the contemporaneous time records for those individuals who provided services drafting this motion. Based on my review, I spent at least 32.2 hours researching the law relevant to this motion, analyzing the factual background and invoices relevant to this motion, and drafting and revising the motion papers, including the motion, the memorandum in support, my declaration in support, and the proposed order. Mr. Bradley spent at least an additional 7.4 hours researching the law, cite checking, and otherwise assisting in revising the motion. And Ms. Moses spent at least 9.4 hours compiling and preparing the documents for filing and analyzing the invoices attached to this declaration to confirm the amount of fees being sought. This work will be billed at the same discounted hourly rates as above, meaning that the total fees sought in connection with this motion are **$24,616,** which includes **$19,022.15** for me; **$3,396.60** for Mr. Bradley; and **$2,197.25** for Ms. Moses.

24.     The foregoing fees are not only reasonable as to the amount of time spent but also as to the hourly rates being used to calculate those fees.

### III.    Hourly Rates for MSK Attorneys and Other Professionals

25.     I am familiar with the hourly rates normally charged by myself, Mr. Bradley, Mr. Berkley, and Ms. Moses. My standard hourly rate for 2020 is

$695.00. Mr. Bradley's standard hourly rate is $540. Mr. Berkley's standard hourly rate is $380. Ms. Moses standard hourly rate is $275. However, as a courtesy, we gave a 15% discount on fees to Defendants, such that our rates on this matter were as follows:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Aaron Wais | Partner | $590.75 |
| Craig Bradley | Associate | $459.00 |
| James Berkley | Research Analyst | $323.00 |
| Elana Moses | Paralegal | $233.75 |

26.    Based on my experience practicing throughout California and dealing with clients, potential clients, and other lawyers, I understand that the hourly rates charged by my firm for this engagement are commensurate with, and in many cases lower than, the prevailing market rates for similar services by attorneys and professionals of reasonably comparable skills, experience, and reputation in the area. This is true for both our attorneys, research analysts, and paralegals.

27.    Indeed, MSK is a full-service national law firm founded in 1908, with approximately 125 attorneys practicing in offices located in Los Angeles, New York, and Washington, D.C. Our firm practices in various areas, including intellectual property, commercial and business litigation, breach of contract claims, and related areas relevant to the claims advanced by Plaintiffs in the case at bar.

28.    MSK is routinely recognized as a top copyright and entertainment firm, and many of our attorneys have been celebrated as leaders in the field.

29.    I am a co-chair of MSK's Entertainment & IP Litigation Group and serve as lead counsel in this matter. In my nineteen years of practice, I have handled a number of state and federal claims concerning copyright infringement, breach of contract claims concerning implied-in-fact contracts, oral contracts, and

1   written contracts relating to entertainment disputes, as well as a number of other

2   cases involving claims subject to California's anti-SLAPP statute. Indeed, I have

3   filed, or been part of a team filing, motions to strike pursuant to California's anti-

4   SLAPP statutes many times in my career. I am a 2001 graduate of Georgetown

5   University Law Center and, before joining MSK, I was an associate at Bingham

6   McCutchen. A true and correct copy of my biography is available at

7   https://www.msk.com/attorneys-Aaron_Wais. My time spent relating to

8   Defendants' anti-SLAPP motion and this motion is discussed above.

9        30.    Craig Bradley, a fifth-year associate in MSK's Entertainment & IP

10   Litigation Group with extensive experience in the area of trademark and copyright

11   law, including copyright litigation in federal court. I am informed and believe that

12   Mr. Bradley earned his J.D. *magna cum laude* from the University of Illinois

13   College of Law in 2014 and, prior to joining MSK, was an associate at the law

14   firms of Perkins Coie LLP and Brinks Gilson & Lione.  A true and correct copy of

15   Mr. Bradley's biography is available at https://www.msk.com/attorneys-

16   Craig_C_Bradley. Mr. Bradley's time spent relating to Defendants' anti-SLAPP

17   motion and this motion is discussed above.

18        31.    Mr. Berkley, has been an employee of MSK since 2003, and has held

19   the title of Senior Research Analyst at MSK since 2007. Mr. Berkley specializes in

20   projects involving research, discovery, and analysis for intellectual property and

21   general litigation matters. He has worked on numerous cases involving copyright

22   and trademark infringement claims pertaining to film, television, and other media.

23   Prior to joining MSK in 2003, Mr. Berkley earned a Ph.D. in comparative literature

24   from UCLA, where he also taught undergraduate courses. Mr. Berkley's time spent

25   relating to Defendants' anti-SLAPP motion is discussed above.

26        32.    Ms. Moses is a litigation paralegal who has been employed by MSK

27   since 1993. I am informed and believe that Ms. Moses graduated *magna cum laude*

28   from the University of California, Los Angeles with a B.A. in history in 1981 and

1  was awarded a paralegal certificate with honors in Corporate/Litigation by the
2  University of California, Los Angeles in 1982. Ms. Moses's time spent relating to
3  Defendants' anti-SLAPP motion and this motion is discussed above.

4  ## IV.    Manner in Which MSK's Time Records are Maintained

5      33.    In my role as an attorney and partner at MSK, I am familiar with
6  MSK's billing and invoicing practices. All attorneys and other professionals at
7  MSK who provide services in connection with this matter maintain detailed
8  records of the work he or she performs and the amount of time expended on a daily
9  basis. These time records are entered directly into the firm's computerized time
10  billing software, under specific numbers assigned to this client matter, generally at
11  or around the time of the billing event.

12      34.    Thereafter, typically at the end of each month, MSK's accounting
13  department generates draft bills based on the time records entered into the
14  computerized time billing software.

15      35.    The draft bills are reviewed, appropriate changes (if any) are made,
16  and the bills are then finalized and sent to the client. Indeed, here, I reduced or
17  excluded any duplicative, unproductive, or excessive hours prior to sending the
18  bills to Defendants for payment. For each day work was performed on the matter,
19  the bills reflect the name of each attorney performing work, a description of the
20  work he or she performed, and the number of hours he or she spent on those tasks.
21  It is MSK's general practice to task bill, not block bill, and our invoices reflect
22  this.

23

24  ## V.    Compliance with Meet and Confer Requirement

25      36.    On October 6, 2020, counsel for Plaintiffs, Richard Charnley and
26  Nicole Uhlmann, and I met and conferred telephonically, in accordance with Civil
27  L.R. 7.3, for the purpose of attempting to resolve this Motion for Attorney's Fees.

28

Mitchell
Silberberg &
Knupp LLP

12550571.1

WAIS DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES

1   We ultimately were unable to reach an agreement that would have obviated the

2   need for this motion.

3

4        I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6

7        Executed in Los Angeles, California on October 8, 2020.

8

9                                    /s/ Aaron M. Wais

10                                   Aaron M. Wais

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**From:** Wais, Aaron
**Sent:** Thursday, May 7, 2020 10:38 AM
**To:** 'Richard Charnley' <rlc@charnleyrian.com>
**Cc:** 'Nicole W. Uhlmann' <nwu@charnleyrian.com>; Nourafchan, Gabriella <gan@msk.com>; 'Lauren Ewing'
<lne@charnleyrian.com>
**Subject:** RE: Propagate/Hallock

Hi Richard,

We have now had the opportunity to investigate Plaintiffs' claims and watch the truncated episodes of
*Scare Tactics* attached to the Complaint and the full episodes *Prank Encounters* identified in the
Complaint.

Initially, we are missing some important documents.  Please provide us with copies of the registered
works as deposited with the Copyright Office.  The truncated excerpts from *Scare Tactics* episodes filed
with the Complaint do not appear to us to be the copyrighted works at issue.  The Complaint also
identifies but does not attach the 2012 settlement agreement.  Please also send us a copy of that.

In addition, pursuant to Local Rule 7-3, I would like to schedule a time to meet and confer with you
about Plaintiffs' claims and Defendants' anticipated motion(s) to dismiss pursuant to FRCP 12(b)(6) and
California's anti-SLAPP statute (CCP section 425.16) and agree to a briefing schedule for the same
(assuming the motion(s) remain necessary after our meet and confer).

The grounds for the motion(s) will be as follows:

1.  Plaintiffs have failed to state a cause of action for copyright infringement (COA 1) because the
    episodes of *Scare Tactics* and *Prank Encounters* are not substantially similar under the extrinsic
    test.  More specifically, Plaintiffs wholly fail to specify any of the protectable elements of
    expression that they contend are substantially similar, which is their burden.  Moreover, when
    one compares the shows, it is clear that the totality of the shows are not substantially similar in
    protected expression.  Nor are the segments of each *Scare Tactic* episode as compared to each
    *Prank Encounters* episode.  Instead, any arguably similar elements are non-protectable general
    plot ideas, stock scenes and themes, or scenes-a-faire that flow necessarily or naturally from the
    basic plot premises and, in any event, the elements are expressed differently.

2.  Plaintiffs have failed to state any causes of action under state law (COAs 2-4) because those claims
    are preempted by the Copyright Act.  These claims also fail for the same reason as Plaintiffs'
    copyright infringement claim; there was no copying of protectable expression.  The claims also
    fail substantively—the allegations do no state claims for breach of the implied covenant of good
    faith and fair dealing, interference with contract, or breach of contract.

3.  Because the creation, production, and distribution of *Prank Encounters* are acts in furtherance of
    free speech on a matter of public interest—there is no denying the public's interest in hidden

camera/prank shows, scary pranks in general, *Prank Encounter's* host, Gaeten Matarazzo, and the show itself—Plaintiffs' state law claims fall within the scope of California's anti-SLAPP statute, which means Plaintiffs must prove a probability of prevailing on their claims.  For the reasons discussed above, they will be unable to do so, which means not only will Plaintiffs' state law claims be dismissed but Defendants will also recover their attorney's fees.

Please let me know when you are available to discuss further.  As for a briefing schedule, we are flexible but would propose the following schedule (which may be subject to revision if we do not timely receive copies of Plaintiffs' registered works and the 2012 settlement agreement) and can prepare a stipulation accordingly: June 15: Deadline to Respond to Complaint, Including Moving to Dismiss; June 29: Oppositions due; July 13: Replies due.

Thank you.

Best,
Aaron



Access COVID-19 Resources **Here**
**Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Wais, Aaron
**Sent:** Wednesday, April 22, 2020 11:38 AM
**To:** 'Richard Charnley' <rlc@charnleyrian.com>
**Cc:** Nicole W. Uhlmann <nwu@charnleyrian.com>; Nourafchan, Gabriella <gan@msk.com>; Lauren Ewing <lne@charnleyrian.com>
**Subject:** RE: Propagate/Hallock

Thank you, Richard.



Access COVID-19 Resources **Here**
**Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED

EX. 1   PG. 17

RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Richard Charnley <rlc@charnleyrian.com>
**Sent:** Wednesday, April 22, 2020 6:47 AM
**To:** Wais, Aaron <amw@msk.com>
**Cc:** Nicole W. Uhlmann <nwu@charnleyrian.com>; Nourafchan, Gabriella <gan@msk.com>; Lauren Ewing <lne@charnleyrian.com>
**Subject:** [EXTERNAL] Re: Propagate/Hallock

-EXTERNAL MESSAGE-
Aaron,

The stipulation is fine.  You have my authorization to file.   Please include my assistant Lauren on email.  She is cc'd on this email to you.

Thanks,

Richard Charnley

Sent from my iPad

On Apr 21, 2020, at 4:12 PM, Wais, Aaron <amw@msk.com> wrote:

> Hi Richard,
>
> Thanks for the call back.  Attached is the draft stipulation we propose filing with the Court.  If this looks good, with your permission, we will file with the Court.  Once we have a better handle on the matter, we can circle-back, including on whether and how much additional time we may need beyond the 30 days.
>
> Best,
> Aaron
>
>
>
> <image001.gif>
> Access COVID-19 Resources Here
> **Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
> T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
> **Mitchell Silberberg & Knupp LLP | www.msk.com**
> 2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

<PROPAGATE Stipulation to Extend Time to Respond to Initial Complaint(12070659.1).pdf>

# EXHIBIT 2

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Thursday, June 25, 2020 12:08 PM
**To:** Richard Charnley <rlc@charnleyrian.com>
**Cc:** Nicole W. Uhlmann <nwu@charnleyrian.com>; Nourafchan, Gabriella <gan@msk.com>; Lauren Ewing
<lne@charnleyrian.com>
**Subject:** RE: [EXTERNAL] Re: Propagate/Hallock

Hi Richard, I think we can say we have satisfied our meet and confer efforts.

I have a separate question, are you amenable to consolidated briefing on our motions? It strikes me that the factual
background and certain arguments will overlap. Thus, it would be in the interests of judicial economy and efficiency for the
parties to file single briefs instead of two opening briefs, two oppositions, two replies, and separate records. We would ask
the court to file longer briefs so that neither party is losing the benefit of the additional pages that separate motions
provides. If you are amenable in concept, we can send over a stipulation for review.

Best,
Aaron


Aaron M. Wais
MSK
Office: (310) 312-3136
Cell: (617) 694-1177


**From:** Richard Charnley <rlc@charnleyrian.com>
**Date:** Thursday, Jun 18, 2020, 12:24 PM
**To:** Wais, Aaron <amw@msk.com>
**Cc:** Nicole W. Uhlmann <nwu@charnleyrian.com>, Nourafchan, Gabriella <gan@msk.com>, Lauren Ewing
<lne@charnleyrian.com>
**Subject:** [EXTERNAL] Re: Propagate/Hallock

-EXTERNAL MESSAGE-
Dear Aaron,

We have reviewed your email and prior email attached.  While we disagreed with your initial position, we amended the
complaint in an attempt to assuage your concerns.  It seems, however, that your position has not changed.   Our respective
offices can have another conversation about this in furtherance of a meet and confer obligation, but we do not believe that
further discussion is needed and that both sides have satisfied the meet and confer process.

Please let us know if you have any further thoughts on this.

Best regards,

1

EX. 2   PG. 20

Richard Charnley

Sent from my iPad

On Jun 16, 2020, at 10:02 AM, Wais, Aaron <amw@msk.com> wrote:

> Hi Richard and Nicole, I hope all is well with both of you.  Having reviewed the First Amended Complaint and the law, we still intend to move to dismiss the copyright infringement claim pursuant to Rule 12(b)(6) and to strike the state law claims pursuant to CCP 425.16.  I would refer you to my prior correspondence (below) requesting to meet and confer for the more specific grounds.  While I appreciate you amending to state the alleged similarities with more specificity, I do not believe that the amended allegations change our analysis and still believe that the works at issue are not substantially similar in protectable expression.
>
> I believe we should probably have another conversation to satisfy the meet and confer requirement so please let me know when you might be available this week to do so.  If, on the other hand, you do not believe another call would be productive and that our prior conversation covered it all, I am ok with our prior correspondence and conversation, coupled with this email exchange satisfying the meet and confer requirement.  Let me know.
>
> Thank you,
> Aaron



Access COVID-19 Resources **Here**
**Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Thursday, May 7, 2020 10:38 AM
**To:** Richard Charnley <rlc@charnleyrian.com>
**Cc:** Nicole W. Uhlmann <nwu@charnleyrian.com>; Nourafchan, Gabriella <gan@msk.com>; Lauren Ewing <lne@charnleyrian.com>
**Subject:** RE: Propagate/Hallock

Hi Richard,

We have now had the opportunity to investigate Plaintiffs' claims and watch the truncated episodes of *Scare Tactics* attached to the Complaint and the full episodes *Prank Encounters* identified in the Complaint.

Initially, we are missing some important documents.  Please provide us with copies of the registered works as deposited with the Copyright Office.  The truncated excerpts from *Scare Tactics* episodes filed with the Complaint do not appear to us to be the copyrighted works at issue.  The Complaint also identifies but does not attach the 2012 settlement agreement.  Please also send us a copy of that.

In addition, pursuant to Local Rule 7-3, I would like to schedule a time to meet and confer with you about Plaintiffs' claims and Defendants' anticipated motion(s) to dismiss pursuant to FRCP 12(b)(6) and California's anti-SLAPP statute (CCP section 425.16) and agree to a briefing schedule for the same (assuming the motion(s) remain necessary after our meet and confer).

The grounds for the motion(s) will be as follows:

1.  Plaintiffs have failed to state a cause of action for copyright infringement (COA 1) because the episodes of *Scare Tactics* and *Prank Encounters* are not substantially similar under the extrinsic test.  More specifically, Plaintiffs wholly fail to specify any of the protectable elements of expression that they contend are substantially similar, which is their burden.  Moreover, when one compares the shows, it is clear that the totality of the shows are not substantially similar in protected expression.  Nor are the segments of each *Scare Tactic* episode as compared to each *Prank Encounters* episode.  Instead, any arguably similar elements are non-protectable general plot ideas, stock scenes and themes, or scenes-a-faire that flow necessarily or naturally from the basic plot premises and, in any event, the elements are expressed differently.

2.  Plaintiffs have failed to state any causes of action under state law (COAs 2-4) because those claims are preempted by the Copyright Act.  These claims also fail for the same reason as Plaintiffs' copyright infringement claim; there was no copying of protectable expression.  The claims also fail substantively—the allegations do no state claims for breach of the implied covenant of good faith and fair dealing, interference with contract, or breach of contract.

3.  Because the creation, production, and distribution of *Prank Encounters* are acts in furtherance of free speech on a matter of public interest—there is no denying the public's interest in hidden camera/prank shows, scary pranks in general, *Prank Encounter's* host, Gaeten Matarazzo, and the show itself—Plaintiffs' state law claims fall within the scope of California's anti-SLAPP statute, which means Plaintiffs must prove a probability of prevailing on their claims.  For the reasons discussed above, they will be unable to do so, which means not only will Plaintiffs' state law claims be dismissed but Defendants will also recover their attorney's fees.

Please let me know when you are available to discuss further.  As for a briefing schedule, we are flexible but would propose the following schedule (which may be subject to revision if we do not timely receive copies of Plaintiffs' registered works and the 2012 settlement agreement) and can prepare a stipulation accordingly: June 15: Deadline to Respond to Complaint, Including Moving to Dismiss; June 29: Oppositions due; July 13: Replies due.

Thank you.

Best,

Aaron



**Access COVID-19 Resources Here**
**Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED
RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER
OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR
COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE
ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

EX.  2    PG.  23

# EXHIBIT 3

**From:** Nicole W. Uhlmann <nwu@charnleyrian.com>
**Sent:** Wednesday, July 1, 2020 10:39 AM
**To:** Wais, Aaron <amw@msk.com>; Richard Charnley <rlc@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>
**Subject:** RE: [EXTERNAL] Our Judge

-EXTERNAL MESSAGE-

Dear Aaron,

I appreciate your willingness to limit your request to consolidate to your opening brief (and, perhaps, your reply), but that does not change my opinion. In my opinion, that would make it extraordinarily difficult for the judge to follow if we were to file two separate oppositions to your one consolidated brief. So, in effect, it could force us to file one opposition, which is precisely what we do not want. There are evidentiary differences, right to immediate appeal are different, etc. While the factual background you present may be duplicative, the law, legal analysis are not duplicative. My personal opinion is that it muddies the water. Judicial economy, while an important consideration, is but one factor and the re-reading of a small portion of your brief does not warrant, in my humble opinion, the proposed consolidation.

Best,

Nicole

Nicole W. Uhlmann, CIPP/US
Of Counsel
Charnley Rian LLP
12121 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Direct: (310) 893-0285 | Main: (310) 321-4300 | Fax: (310) 893-0273
nwu@charnleyrian.com | www.charnleyrian.com

EX.  3   PG.  25



 Please consider the environment before printing this e-mail.

---

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Wednesday, July 1, 2020 10:09 AM
**To:** Richard Charnley <rlc@charnleyrian.com>; Nicole W. Uhlmann <nwu@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>
**Subject:** RE: [EXTERNAL] Our Judge

Hi Richard and Nicole,

Nicole I received your vm yesterday re opposing our request and tried you back. As I said in my voicemail, to clarify, we do not intend to ask the court to consolidate ALL briefing. We would just ask the court for permission to consolidate our opening brief. You are free to file one or two briefs in opposition. We would reserve our rights on reply depending on what you do and what makes sense.

Let me know if this changes your view on opposing our request.

We can also explain to the court in our request that the parties have agreed to consolidate the record so he knows where our differences lie.

Thank you.

Best,
Aaron


Aaron M. Wais
MSK
Office: (310) 312-3136
Cell: (617) 694-1177

---

**From:** Richard Charnley <rlc@charnleyrian.com>
**Date:** Tuesday, Jun 30, 2020, 4:05 PM
**To:** Wais, Aaron <amw@msk.com>
**Subject:** RE: [EXTERNAL] Our Judge

-EXTERNAL MESSAGE-
Hi Aaron,

As you were sending this, I was sending you our proposal.  And, I do agree that we should send down a stip tomorrow so we know how to proceed.

EX.  3   PG.  26

If you want to actually file a motion for two briefings, I suppose I cannot stop you from doing so other than to tell the judge that we are in agreement with one record but would prefer the motions to be viewed as separate events, etc.

Best regards,

R

---

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Tuesday, June 30, 2020 3:50 PM
**To:** Richard Charnley <rlc@charnleyrian.com>; Nicole W. Uhlmann <nwu@charnleyrian.com>; Lauren Ewing <lne@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>
**Subject:** RE: [EXTERNAL] Our Judge

Hi Richard and Nicole—I wanted to follow up on this. I actually do not think it is that complicated or controversial of a proposal but am happy to address any questions you might have. I would like to file the request tomorrow—either stipulated or opposed—so that the court has time to act before the July 13 deadline for our moving papers. Let me know when we might speak.

Aaron



**Access COVID-19 Resources Here**
**Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Richard Charnley <rlc@charnleyrian.com>
**Sent:** Tuesday, June 30, 2020 9:57 AM
**To:** Wais, Aaron <amw@msk.com>; Nicole W. Uhlmann <nwu@charnleyrian.com>; Lauren Ewing <lne@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>
**Subject:** RE: [EXTERNAL] Our Judge

-EXTERNAL MESSAGE-
Aaron,

Agreed as to probably no effect.  I am asking Nicole to weigh in on a time after 12 when we can talk about the "one brief" concept.

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Tuesday, June 30, 2020 9:56 AM
**To:** Richard Charnley <rlc@charnleyrian.com>; Nicole W. Uhlmann <nwu@charnleyrian.com>; Lauren Ewing <lne@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>
**Subject:** RE: [EXTERNAL] Our Judge

I saw that about Judge Carney. I don't think it will have any effect but we shall see.

Re briefing, I'm generally free from after 12. Let me know when works.


Aaron M. Wais
MSK
Office: (310) 312-3136
Cell: (617) 694-1177


**From:** Richard Charnley <rlc@charnleyrian.com>
**Date:** Tuesday, Jun 30, 2020, 7:34 AM
**To:** Wais, Aaron <amw@msk.com>, Nicole W. Uhlmann <nwu@charnleyrian.com>, Lauren Ewing <lne@charnleyrian.com>
**Subject:** [EXTERNAL] Our Judge

-EXTERNAL MESSAGE-

Dear Aaron,

Apparently our judge is stepping down as chief judge of USDC Central Cal. I do not know if this will impact on his pending cases. I will monitor this situation, but if you have some intel, please share.

We should also speak today about the "one brief" question.

I would like Nicole to be on the call.

What time is good for you?

Richard Charnley
Sent from my iPad

EX. 3   PG. 28

# EXHIBIT 4

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Wednesday, August 19, 2020 4:53 PM
**To:** Nicole W. Uhlmann <nwu@charnleyrian.com>; Richard Charnley <rlc@charnleyrian.com>; Lauren Ewing <lne@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>; Ocubillo, Melanie <mmo@msk.com>
**Subject:** RE: [EXTERNAL] RE: HALLOCK V. HEALEY

We thought it was completely clear but feel free to oppose I guess.

Aaron M. Wais
MSK
Office: (310) 312-3136
Cell: (617) 694-1177

---

**From:** Nicole W. Uhlmann <nwu@charnleyrian.com>
**Date:** Wednesday, Aug 19, 2020, 4:41 PM
**To:** Wais, Aaron <amw@msk.com>, Richard Charnley <rlc@charnleyrian.com>, Lauren Ewing <lne@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>, Ocubillo, Melanie <mmo@msk.com>
**Subject:** [EXTERNAL] RE: HALLOCK V. HEALEY

-EXTERNAL MESSAGE-
Dear Aaron,

Normally, I would not oppose such a request for stipulation.  However, because I found Defendants' consolidated motion incredibly difficult to follow and unfairly disproportionate (i.e. devoted almost entirely to the motion to dismiss), I will have to oppose.

Best,

Nicole W. Uhlmann, CIPP/US
Of Counsel
Charnley Rian LLP
12121 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Direct: (310) 893-0285 | Main: (310) 321-4300 | Fax: (310) 893-0273
nwu@charnleyrian.com | www.charnleyrian.com



 Please consider the environment before printing this e-mail.

**From:** Wais, Aaron <amw@msk.com>
**Sent:** Wednesday, August 19, 2020 10:13 AM
**To:** Richard Charnley <rlc@charnleyrian.com>; Nicole W. Uhlmann <nwu@charnleyrian.com>; Lauren Ewing <lne@charnleyrian.com>
**Cc:** Nourafchan, Gabriella <gan@msk.com>; Ocubillo, Melanie <mmo@msk.com>
**Subject:** RE: HALLOCK V. HEALEY

Richard and Nicole, we intend to ask the Court for leave to file another consolidated brief. Given that the Court previously gave us 40 pages, we intend to ask for 40 pages only. Please let me know if you do not oppose the request.

Thank you,
Aaron



Access COVID-19 Resources **Here**
**Aaron M. Wais, CIPP/US | Partner, through his professional corporation**
T: 310.312.3136 | C: 617.694.1177 | amw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

# EXHIBIT 5

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Propagate Content (AMW)

█████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 415456

May 23, 2020

**LEGAL SERVICES RENDERED** through May 31, 2020

Re:     Hallock Matter



Less 15% courtesy discount on fees:

Subtotal - current charges:

TOTAL DUE:

2049 Century Park East, 18th Floor, Los Angeles, California   90067
Phone: (310) 312-2000      Fax: (310) 312-3100      TIN: 95-1883538

msk

Propagate Content (AMW)

█████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

█████████

Atty No.: 00436
Client ID: 50813
Invoice: 415456

May 23, 2020
Page 2

**Hallock Matter**

**Fees through May 31, 2020:**



## msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 415456

May 23, 2020
Page 3



| 04/23/20 | Review and analyze complaint and exhibits thereto (0.6); review and analyze case law re: substantial similarity, preemption and other defenses to complaint (0.5); ███████████ | A. WAIS | ████ | ████ |
| 04/24/20 | ███████████ (0.8); review and analyze case law for defenses to state law claims (0.8). | A. WAIS | ████ | ████ |
| 04/27/20 | ███████████ review and analyze case law re: making anti-slapp motion and preemption (1.0); ███████████ | A. WAIS | ████ | ████ |
| 04/28/20 | Prepare for and participate in call w/ K Healey re: ███████████ (2.2); review and analyze case law re: anti-slapp motion and public interest (1.5); ███████████ | A. WAIS | ████ | ████ |



Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 415456

May 23, 2020
Page 4

| 04/29/20 | E-mails with A. Wais regarding claim analysis, legal research and review documents regarding same. | J. BERKLEY | 0.50 | 190.00 |

msk

Propagate Content (AMW)

█████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 415456

May 23, 2020
Page 5

███████████████████████████████████████████████████████████

05/05/20    ███████████████    A. WAIS    ████    ██████
            ███████████████████████
            ████████████ review and
analyze settlement agreements (0.5).

███████████████████████████████████████████████████████████

05/06/20    ███████████ review and analyze
            ████████ potential defenses to state law claims
(0.3).



msk

Propagate Content (AMW)
████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 415456

May 23, 2020
Page 6

Less 15% Courtesy Discount                                              ████████

Total Fees:                                                            ████████

**Billing Summary**

| Name | Hours | Rate | | Fees |
|------|-------|------|---|------|
| E. KIM | ████████ hours at | $725.00 | = | |
| A. WAIS | hours at | $695.00 | = | |
| G. NOURAFCHAN | hours at | $595.00 | = | |
| J. BERKLEY | hours at | $380.00 | = | |
| A. KELLY | hours at | $265.00 | = | |
| P. ROSENBLUM | hours at | $265.00 | = | |
| SUMMARY TOTALS | | | | |

# msk

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020

**LEGAL SERVICES RENDERED** through May 31, 2020

Re:    Hallock Matter
       Disbursements and charges per attached



Less 15% courtesy discount on fees:

Subtotal - current charges:

Prior balance due:

TOTAL DUE:

| Outstanding Invoice (s): | Date | Invoice | Amount |
|---|---|---|---|
| | 05/23/20 | 415456 | |

2049 Century Park East, 18th Floor, Los Angeles, California  90067
Phone: (310) 312-2000        Fax: (310) 312-3100       TIN: 95-1883538

EX.  5    PG.  39

## ⬦⬦msk

Propagate Content (AMW)

████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 2

**Hallock Matter**

**Fees through May 31, 2020:**



| 05/08/20 | Conduct background research regarding legal and factual basis for claims made in the complaint. | C BRADLEY | 1.30 | 702.00 |



| 05/11/20 | ████████████████ | A. WAIS | ████ | ██████ |

review exhibits to Complaint and outline
arguments for motion to dismiss and anti-
SLAPP motion (1.6).



msk

Propagate Content (AMW)

████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
██████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 3

| 05/11/20 | Conduct legal research regarding legal merit of copyright and contract claims. | C BRADLEY | 3.60 | 1,944.00 |
| 05/11/20 | Research and preserve documents regarding public interest issues. | J. BERKLEY | 1.80 | 684.00 |
| 05/12/20 | ████████████████ review and analyze research regarding state law claims for possible arguments (0.4); outline arguments for anti-slapp motion (0.8). | A. WAIS | ██ | ██ |
| 05/12/20 | Conduct legal research regarding merit of state law claims and prepare summary of analysis of strategy for opposing those claims. | C BRADLEY | 5.20 | 2,808.00 |

⬧⬧⬧ msk

Propagate Content (AMW)

██████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

██████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 4

███████████████████████████████████████████████████████

| Date | Description | Timekeeper | | |
|------|-------------|------------|---|---|
| 05/13/20 | ███████████████████████ review and analyze research regarding state law claims (0.9); review and analyze case law and statutes regarding amendment (0.2); review and analyze case law regarding judicial admissions (0.2); ███████████████████ | A. WAIS | ██ | ████ |
| 05/13/20 | Conduct legal research regarding viability of plaintiffs' state law claims, interpretation of Rule 15, and plaintiffs' ability to amend state law claims in light of anticipated anti-SLAPP motion. | C BRADLEY | 4.20 | 2,268.00 |

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████



Propagate Content (AMW)                                      Atty No.: 00436
                                                              Client ID: 50813
1640 S. Sepulveda Blvd. #300                                  Invoice: 416410
Los Angeles, CA 90025
                                                              June 11, 2020
                                                              Page 5

| 05/15/20 | Review and analyze 2012 and 2016 agreements for anti-SLAPP motion (1.1); review and analyze case law regarding contractual defenses and other arguments to dismiss state law claims (0.9). | A. WAIS | 2.00 | 1,390.00 |

█◆█ msk

Propagate Content (AMW)
██████████
1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 6

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 05/20/20 | ███████████████████████ ██████████████ email correspondence with K. Healey regarding ████████████████ (0.2); review materials from K. Healey ████████████████ (0.6). | A. WAIS | ██ | ██ |
| | ████████████████████████████████ | | | |
| 05/21/20 | Prepare strategy for motions and assess and formulate arguments for dismissal and anti-SLAPP. | A. WAIS | 1.60 | 1,112.00 |
| 05/26/20 | Review and analyze case law regarding preemption (1.0); draft and revise anti-SLAPP motion (2.4). | A. WAIS | 3.40 | 2,363.00 |
| | ████████████████████████████████ | | | |
| 05/27/20 | Review and analyze case law regarding preemption (1.4); draft and revise anti-SLAPP motion (1.4). | A. WAIS | 2.80 | 1,946.00 |
| 05/27/20 | Confer with A. Wais and G. Nourafchan regarding assignments for responding to complaint and conduct legal research related to defending state law claims. | C BRADLEY | 2.50 | 1,350.00 |
| | ████████████████████████████████ | | | |

**msk**

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 7



05/28/20    Review and analyze amended Complaint    A. WAIS         ███      ████
            and schedules attached thereto (1.2);

05/29/20                                           A. WAIS          ███      ████

            draft
and revise motion to dismiss (1.2).

**msk**

Propagate Content (AMW)

█████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 8



Less 15% Courtesy Discount



Total Fees:

**Billing Summary**

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| A. WAIS | ████ hours at | $695.00 = | ██████████ |
| G. NOURAFCHAN | hours at | $595.00 = | |
| C BRADLEY | hours at | $540.00 = | |
| J. BERKLEY | hours at | $380.00 = | |
| E. MOSES | hours at | $275.00 = | |
| A. KELLY | hours at | $265.00 = | |
| | | | |
| SUMMARY TOTALS | | | |

**msk**

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 416410

June 11, 2020
Page 9

**Costs Advanced and In-House Services:**

Total Fees & Costs:

# msk

## MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020

**LEGAL SERVICES RENDERED** through June 30, 2020

Re:     Hallock Matter
        Disbursements and charges per attached

Less 15% courtesy discount on fees:

Subtotal - current charges:

Prior balance due:

TOTAL DUE:



| Outstanding Invoice (s): | Date | Invoice | Amount |
|---|---|---|---|
| | 05/23/20 | 415456 | |
| | 06/11/20 | 416410 | |

2049 Century Park East, 18th Floor, Los Angeles, California  90067
Phone: (310) 312-2000     Fax: (310) 312-3100     TIN: 95-1883538

EX.  5     PG.  48

**msk**

Propagate Content (AMW)

██████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 2

**Hallock Matter**

**Fees through June 30, 2020:**



| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 06/01/20 | Review and analyze First Amended Complaint and arguments for motion to dismiss (0.6). | A. WAIS | 0.60 | 417.00 |
| 06/02/20 | Conduct legal research (3.0) and prepare outline for arguments in opposition to Hallock's state law claims (0.5). | C BRADLEY | 3.50 | 1,890.00 |
| 06/03/20 | ██████████████████████ ██████; review and analyze arguments for motion in light of revisions to amended complaint, including state law claims (0.8); ██████████████████████ ██████ | A. WAIS | ████ | ██████ |

⬨msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 3

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 06/03/20 | Conduct legal research related to Hallock's state law claims (2.0) and prepare outline for brief in support of anticipated motion to dismiss (1.2). | C BRADLEY | 3.20 | 1,728.00 |
| 06/03/20 | Prepare text searchable first amended complaint and exhibits and index same (2.0); prepare text searchable versions of exhibits to Complaint and client documents (1.5); | E. MOSES | ██ | ██ |



| 06/05/20 | Conduct legal research regarding Hallock's state law claims. | C BRADLEY | 1.00 | 540.00 |

msk

Propagate Content (AMW)                          Atty No.: 00436
                                                 Client ID: 50813
[redacted]                                       Invoice: 417900
1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025                            July 16, 2020
[redacted]                                       Page 4



| 06/11/20 | Draft motion to dismiss and anti-SLAPP motion. | A. WAIS | 1.10 | 764.50 |
| 06/12/20 | [redacted] review and analyze case law re: preemption (0.4); draft anti-SLAPP motion (0.3) | A. WAIS | ██ | ██ |

msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 5

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 06/16/20 | ██████████████████████████ review and analyze case law regarding preemption (2.0); draft and revise argument regarding preemption (2.0); ████████████████████ | A. WAIS | ████ | ████ |
| 06/16/20 | Conduct legal research regarding availability of attorneys fees. | C BRADLEY | 3.40 | 1,836.00 |
| 06/16/20 | Conduct legal research for section of brief supporting Motion to Dismiss related to state law claims. | C BRADLEY | 1.50 | 810.00 |
| | ████████████████████████████████████████████ | | | |
| 06/17/20 | Review and analyze case law regarding preemption (2.0); draft and revise argument regarding preemption and factual background for motion to strike (3.6). | A. WAIS | 5.60 | 3,892.00 |
| 06/17/20 | Conduct legal research for section of brief supporting Motion to Dismiss related to state law claims. | C BRADLEY | 3.50 | 1,890.00 |
| 06/18/20 | Draft and revise motion to strike preemption argument, factual background, and introduction (3.3); review and analyze 2012 agreement and draft arguments regarding same (1.8). | A. WAIS | 5.10 | 3,544.50 |

⬖msk

---

Propagate Content (AMW)

█████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 6

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 06/18/20 | Conduct legal research for section of brief supporting Motion to Dismiss related to state law claims and draft brief. | C BRADLEY | 5.00 | 2,700.00 |
| | ████████████████████████████████████████ | | | |
| 06/19/20 | Draft and revise motion to strike. | A. WAIS | 2.10 | 1,459.50 |
| 06/19/20 | Conduct legal research for section of brief supporting Motion to Dismiss related to state law claims (2.0) and draft arguments for striking state law claims (4.0). | C BRADLEY | 6.00 | 3,240.00 |
| | ████████████████████████████████████████ | | | |
| 06/22/20 | Draft and revise arguments regarding striking state law claims (4.1); review and analyze case law regarding substantive defenses to state law claims (1.5). | A. WAIS | 5.60 | 3,892.00 |

msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
██████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 7

█████████████████████████████████████████████████████

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 06/23/20 | Draft and revise arguments regarding striking state law claims and applicability of anti-SLAPP statute (2.3); research and analyze articles regarding exploitation of Scare Tactics and admissions by Hallock (2.9). | A. WAIS | 5.20 | 3,614.00 |

█████████████████████████████████████████████████████

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 06/23/20 | Research regarding S. Hallock press statements and preserve evidence regarding same. | J. BERKLEY | 0.70 | 266.00 |
| 06/24/20 | Review and analyze 2012 agreement and draft arguments relating to same (2.2); research and analyze articles regarding public interest in Prank Encounters (2.5). | A. WAIS | 4.70 | 3,266.50 |
| 06/24/20 | Review revised version of brief supporting motion to dismiss (0.5) and conduct legal research to support further revisions (1.5) | C BRADLEY | 2.00 | 1,080.00 |

█████████████████████████████████████████████████████

# msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 8

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 06/25/20 | Draft and revise motion to strike, including arguments regarding application of anti-SLAPP statute and legal arguments regarding state law claims. | A. WAIS | 3.20 | 2,224.00 |
| 06/25/20 | Conduct legal research to support revised version of brief in support of motion to dismiss. | C BRADLEY | 2.80 | 1,512.00 |
| | ███████████████████████████████████ | | | |
| 06/26/20 | Draft and revise all sections of motion to strike. | A. WAIS | 3.90 | 2,710.50 |
| 06/26/20 | Conduct legal research to support revisions to brief in support of motion to dismiss. | C BRADLEY | 2.50 | 1,350.00 |
| | ███████████████████████████████████ | | | |
| 06/29/20 | Draft and revise arguments in support of motion to strike state Plaintiffs' law claims, including analyzing substantial similarity of Freak Encounters and Prank Encounters (5.7); review and analyze case law regarding anti-SLAPP applicability and public interest (1.4). | A. WAIS | 7.10 | 4,934.50 |

msk

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 9



06/30/20    draft and revise arguments in support of striking state law claims (2.0); review and analyze case law in support of striking state law claims (2.1);    A. WAIS

06/30/20 Conduct legal research to support brief in support of motion to dismiss.    C BRADLEY    4.60    2,484.00

Less 15% Courtesy Discount

Total Fees:



_____

Propagate Content (AMW)

██████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

██████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 417900

July 16, 2020
Page 10

## **Billing Summary**

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| A. WAIS | ████ hours at | $695.00 = | ████ |
| G. NOURAFCHAN | ████ hours at | $595.00 = | ████ |
| C BRADLEY | ████ hours at | $540.00 = | ████ |
| J. BERKLEY | ████ hours at | $380.00 = | ████ |
| E. MOSES | ████ hours at | $275.00 = | ████ |
| P. BURCHETTE | ████ hours at | $260.00 = | ████ |
| | | | |
| SUMMARY TOTALS | ████ | | ████ |

## **Costs Advanced and In-House Services:**



Total Costs: ████

Total Fees & Costs: ████

# msk

## MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 419467

August 19, 2020

**LEGAL SERVICES RENDERED** through July 31, 2020

Re:    Hallock Matter
        Disbursements and charges per attached

Less courtesy adjustment:

Subtotal - current charges:

Prior balance due:

TOTAL DUE:



| Outstanding Invoice (s): | Date | Invoice | Amount |
|---|---|---|---|
| | 07/16/20 | 417900 | |

2049 Century Park East, 18th Floor, Los Angeles, California  90067
Phone: (310) 312-2000          Fax: (310) 312-3100          TIN: 95-1883538

msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 419467

August 19, 2020
Page 2

**Hallock Matter**

**Fees through July 31, 2020:**



| Date | Description | Attorney | | |
|---|---|---|---|---|
| 07/02/20 | Draft and revise motion to dismiss and motion to strike consolidated brief (3.0); ███████████████ review and analyze case law in support of motions (1.2). | A. WAIS | ████ | ██████ |
| 07/02/20 | Draft application for leave to file consolidate brief in support of motions to dismiss. | C BRADLEY | 2.60 | 1,404.00 |



msk

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 419467

August 19, 2020
Page 3

07/03/20   Draft and revise motion to dismiss and   A. WAIS
           motion to strike consolidated brief (1.0);

           review and analyze case law in support of
           motions (1.5).

07/03/20   Conduct legal research and revise brief in   C BRADLEY   2.50   1,350.00
           support of motion to dismiss.

07/06/20   Revise memorandum in response to   A. WAIS
           Court order permitting only 40 pages
           (7.0);

msk

Propagate Content (AMW)                                    Atty No.: 00436
                                                           Client ID: 50813
1640 S. Sepulveda Blvd. #300                               Invoice: 419467
Los Angeles, CA 90025
                                                           August 19, 2020
                                                           Page 4

| | | | |
|---|---|---|---|
| 07/06/20 | Review, analyze, and preserve documents regarding declaration, exhibits in support of motion to strike (3.2); prepare draft declaration regarding same (1.7). | J. BERKLEY | 4.90 | 1,862.00 |
| 07/07/20 | Revise memorandum in response to Court order permitting only 40 pages (5.0); revise notices of motion and supporting pleadings (1.1). | A. WAIS | 6.10 | 4,239.50 |

⬨msk

Propagate Content (AMW)                                    Atty No.: 00436
███████████                                               Client ID: 50813
1640 S. Sepulveda Blvd. #300                              Invoice: 419467
Los Angeles, CA 90025
████████████████                                          August 19, 2020
                                                          Page 5

| 07/07/20 | Continue drafting declaration in support of Anti-SLAPP motion and review, analyze documents, prepare exhibits regarding same. | J. BERKLEY | 4.40 | 1,672.00 |
| 07/08/20 | Review and analyze Berkley declaration and exhibits (2.5); revise supporting pleadings--notice of motion, request for judicial notice; and other declarations (2.5); revise memorandum in support of motions (1.6) | A. WAIS | 6.60 | 4,587.00 |

⧄msk

Propagate Content (AMW)

███████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 419467

August 19, 2020
Page 6

████████████████████████████████████████████████████████████████████████

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 07/09/20 | ████████████████████████████████ ); review Berkley exhibits and revise Berkley declaration (2.4). | A. WAIS | ████ | ██████ |
| 07/09/20 | Cite check and revise consolidated brief in support of motion to dismiss and anti-slapp | C BRADLEY | 3.00 | 1,620.00 |
| 07/09/20 | Review revised Declaration and prepare Scare Tactics media exhibits | E. MOSES | 1.80 | 495.00 |

████████████████████████████████████████████████████████████████████████

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 07/10/20 | Revise memorandum to incorporate client edits (2.3); review Berkley exhibits and revise Berkley declaration (2.0); revise supporting pleadings (1.0). | A. WAIS | 5.30 | 3,683.50 |
| 07/10/20 | Cite check and revise consolidated brief in support of motion to dismiss and anti-slapp. | C BRADLEY | 3.40 | 1,836.00 |

⬨msk

Propagate Content (AMW)

████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 419467

August 19, 2020
Page 7

████████████████████████████████████████████████

| | | | | |
|---|---|---|---|---|
| 07/10/20 | Review and revise draft declaration in support of motion to strike (1.5); prepare and organize final exhibits regarding same (1.8). | J. BERKLEY | 3.30 | 1,254.00 |
| 07/12/20 | Revise and finalize pleadings for filing, including declarations, motion, request for judicial notice, and memorandum. | A. WAIS | 3.60 | 2,502.00 |

████████████████████████████████████████████████

| | | | | |
|---|---|---|---|---|
| 07/13/20 | Revise and finalize pleadings and declarations for filing. | A. WAIS | 6.30 | 4,378.50 |
| 07/13/20 | Proof and revise consolidated brief in support of motion to dismiss and anti-slapp | C BRADLEY | 2.30 | 1,242.00 |

msk

Propagate Content (AMW)

Atty No.: 00436
Client ID: 50813
Invoice: 419467

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

August 19, 2020
Page 8

07/13/20   ████████████████   E. MOSES   ███   ███
          prepare Healey Decl and
exhibit for filing (0.5) ██████████
████████████████████████
██
; prepare revised Healey Declaration
and Exhibit for fining (0.8); ████████
█████████████████
████████████
█████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

07/13/20   Proofread and finalize declaration,   J. BERKLEY   2.90   1,102.00
          exhibits regarding motion to strike (2.9).

Less 15% Courtesy Discount                                    (13,407.45)

Total Fees:                                                   $75,975.55

 msk

Propagate Content (AMW)

█████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
█████████████

Atty No.: 00436
Client ID: 50813
Invoice: 419467

August 19, 2020
Page 9

## Billing Summary

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| A. WAIS | ███ hours at | $695.00 = | ██████ |
| G. NOURAFCHAN | hours at | $595.00 = | |
| C BRADLEY | hours at | $540.00 = | |
| J. BERKLEY | hours at | $380.00 = | |
| E. MOSES | hours at | $275.00 = | |
| SUMMARY TOTALS | ███ | | ██████ |

## Costs Advanced and In-House Services:



Total Costs: ██████

Total Fees & Costs: ██████

## MSK

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020

**LEGAL SERVICES RENDERED** through August 31, 2020

Re:     Hallock Matter
        Disbursements and charges per attached



Less 15% courtesy discount:

Subtotal - current charges:

Prior balance due:

TOTAL DUE:

| Outstanding Invoice (s): | Date | Invoice | Amount |
|---|---|---|---|
| | 07/16/20 | 417900 | |

2049 Century Park East, 18th Floor, Los Angeles, California  90067
Phone: (310) 312-2000     Fax: (310) 312-3100     TIN: 95-1883538

EX. 5   PG. 67

⧉ msk

Propagate Content (AMW)

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 2

**Hallock Matter**

**Fees through August 31, 2020:**

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 08/03/20 | Review and analyze plaintiffs' opposition papers. | A. WAIS | 0.80 | 556.00 |
| 08/04/20 | Review and analyze opposition pleadings. | A. WAIS | 0.80 | 556.00 |
| 08/05/20 | Review and analyze opposition briefs and case law cited therein (4.0); outline arguments for reply and begin drafting reply (1.6) | A. WAIS | 5.60 | 3,892.00 |
| 08/05/20 | Conduct legal research regarding proper opinion testimony to support reply brief. | C BRADLEY | 1.50 | 810.00 |
| 08/06/20 | Review and analyze anti-SLAPP opposition and draft reply brief in support of anti-SLAPP | A. WAIS | 4.20 | 2,919.00 |
| 08/06/20 | Conduct legal research regarding Plaintiff's use of expert testimony. | C BRADLEY | 0.50 | 270.00 |
| 08/07/20 | Review and analyze opposition papers, including evidentiary objections (2.0); draft and revise reply papers (2.2) | A. WAIS | 4.20 | 2,919.00 |
| 08/08/20 | Draft and revise reply brief | A. WAIS | 3.80 | 2,641.00 |

# ⬡msk

Propagate Content (AMW)

▮▮▮▮▮▮▮▮

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

▮▮▮▮▮▮▮▮

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 3

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 08/10/20 | Review and analyze opposition papers and cases cited therein (1.4); draft reply brief (1.0) | A. WAIS | 2.40 | 1,668.00 |
| 08/10/20 | Confer with A. Wais regarding response to Plaintiff's evidentiary objections to Berkley declaration. | C BRADLEY | 0.30 | 162.00 |
| 08/10/20 | Confer with A. Wais regarding evidentiary objections to Hallock declaration. | C BRADLEY | 0.40 | 216.00 |
| 08/10/20 | Prepare response to Plaintiff's evidentiary objections to Berkley declaration. | C BRADLEY | 1.20 | 648.00 |
| 08/11/20 | Review and analyze case law re: anti-SLAPP standard (1.7) and draft reply brief section re: anti-SLAPP statute (1.9) | A. WAIS | 3.60 | 2,502.00 |
| 08/11/20 | Prepare response to Plaintiff's evidentiary objections to Berkley declaration. | C BRADLEY | 1.50 | 810.00 |
| 08/12/20 | Review and analyze case law re: anti-SLAPP standards (2.7) and draft reply brief re: anti-SLAPP arguments (1.2). | A. WAIS | 2.90 | 2,015.50 |
| | ▮▮▮▮▮▮▮▮ | | | |
| 08/13/20 | Revise reply brief | A. WAIS | 2.00 | 1,390.00 |
| | ▮▮▮▮▮▮▮▮ | | | |
| 08/13/20 | Conduct legal research regarding free speech prong of anti-SLAPP statute. | C BRADLEY | 2.50 | 1,350.00 |

⬡ msk

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
███████████████

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 4

████████████████████████████████████████████████████

████████████████████████████████████████████████████

| Date | Description | Timekeeper | Hours | Amount |
|------|-------------|-----------|-------|--------|
| 08/14/20 | Prepare response to Plaintiff's evidentiary objections to Berkley declaration. | C BRADLEY | 3.30 | 1,782.00 |
| ██████████████████████████████████████████████████ | | | | |
| 08/17/20 | Draft and revise consolidated reply brief | A. WAIS | 4.90 | 3,405.50 |
| ██████████████████████████████████████████████████ | | | | |
| 08/18/20 | Draft and revise consolidated reply brief in support of motions (2.1); review and analyze case law for reply brief (1.5); ████████████████ | A. WAIS | ████ | ████ |
| 08/18/20 | Prepare evidentiary objections to Hallock declaration. | C BRADLEY | 2.70 | 1,458.00 |
| ██████████████████████████████████████████████████ | | | | |

◈msk

Propagate Content (AMW)

█████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 5

| 08/19/20 | Draft and revise consolidate brief in support of motions (7.0); draft and revise application to file a consolidate brief (0.9) | A. WAIS | 7.90 | 5,490.50 |
| 08/19/20 | Conduct legal research to support reply brief. | C BRADLEY | 2.60 | 1,404.00 |
| 08/19/20 | Prepare evidentiary objections to Hallock Declaration. | C BRADLEY | 2.80 | 1,512.00 |
| 08/20/20 | Draft and revise reply brief in support of motions (1.5); revise responses to evidentiary objections (1.5); draft and finalize for filing application to file consolidate brief (0.3); review and analyze opposition to consolidated brief (0.2); draft and finalize for filing reply in support of consolidated brief (0.6). | A. WAIS | 4.10 | 2,849.50 |
| 08/20/20 | Prepare evidentiary objections to Hallock declaration. | C BRADLEY | 2.50 | 1,350.00 |

◈ msk

Propagate Content (AMW)

████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025

███████████

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 6

| | | | | |
|---|---|---|---|---|
| 08/21/20 | Draft and revise reply brief and supporting pleadings. | A. WAIS | 4.10 | 2,849.50 |
| 08/21/20 | Prepare evidentiary objections to Hallock declaration. | C BRADLEY | 2.80 | 1,512.00 |
| 08/21/20 | Revise response to Plaintiff's evidentiary objections to Berkley declaration. | C BRADLEY | 2.00 | 1,080.00 |
| 08/22/20 | Cite check portion of reply brief addressing Plaintiff's state law claims. | C BRADLEY | 6.50 | 3,510.00 |

⧫msk

Propagate Content (AMW)

████████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025 ██████████

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 7

████████████████████████████

| Date | Description | Name | Hours | Amount |
|---|---|---|---|---|
| 08/24/20 | Revise and finalize reply papers for filing, including incorporating client comments. | A. WAIS | 7.60 | 5,282.00 |
| 08/24/20 | Revise evidentiary objections to Hallock declaration. | C BRADLEY | 1.00 | 540.00 |

████████████████████████████

Less 15% Courtesy Discount

Total Fees:

**Billing Summary**

| Name | Hours | Rate | Fees |
|---|---|---|---|
| A. WAIS | | hours at $695.00 = | |
| G. NOURAFCHAN | | hours at $595.00 = | |
| C BRADLEY | | hours at $540.00 = | |
| SUMMARY TOTALS | | | |

**msk**

Propagate Content (AMW)

███████████

1640 S. Sepulveda Blvd. #300
Los Angeles, CA 90025
██████████████████████

Atty No.: 00436
Client ID: 50813
Invoice: 420297

September 4, 2020
Page 8

**Costs Advanced and In-House Services:**



Total Costs:                                                    ████████

Total Fees & Costs:                                            ████████