AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Kevin Healey and Propagate Content, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. HALLOCK, an individual; WMTI PRODUCTIONS, INC., a California corporation; WMTI PRODUCTIONS NORTH, INC., a Canadian corporation; and THE NEXT SEASON COMPANY, INC., a Canadian corporation, | CASE NO. 2:20-cv-02726 CJC (MAAx) |
| | Honorable Cormac J. Carney |
| Plaintiffs, | **JOINT REPORT PURSUANT TO FRCP RULE 26(F) AND LOCAL RULE 26-1** |
| v. | Scheduling Conference: N/A |
| KEVIN HEALEY, an individual; PROPAGATE CONTENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Mitchell
Silberberg &
Knupp LLP

12873880.1

**JOINT REPORT PURSUANT TO FRCP RULE 26(F) AND LOCAL RULE 26-1**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, and the Court's prior Orders [Dkt. 50, 58], Plaintiffs Scott W. Hallock ("Hallock"), WMTI Productions, Inc. ("WMTI"), WMTI Productions North, Inc. ("WMTI North"), and The Next Season Company, Inc. ("TNSCI") (collectively, "Plaintiffs") and Defendants Kevin Healey ("Healey") and Propagate Content, LLC ("Propagate") (collectively, "Defendants"), through their respective counsel, jointly submit this Joint Scheduling Report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure and Central District Local Rule 26-1.

## 1.   STATEMENT OF THE CASE

### A.   Plaintiffs' Statement:

This is a claim for infringement of Plaintiffs' copyrights in a television series entitled "Scare Tactics."  The first season of Defendants' series, "Prank Encounters," was eight episodes total.  Of the eight episodes, four are substantially similar to corresponding "Scare Tactics" episodes.  After being placed on notice of Plaintiffs' infringement claims, Defendants produced a second season of "Prank Encounters", some episodes of which may also infringe on Plaintiffs' copyrights.

### B.   Defendants' Statement:

Plaintiffs' copyright infringement lawsuit improperly tries to use copyright law to own the concept of a hidden camera show that places unsuspecting "marks" in staged settings and scares them.  Such shows are not new; since 1948, when *Candid Camera* first aired, many hidden camera shows have come and gone that are based on this very premise.  Plaintiffs originally alleged that seven episodes of Defendants' prank show, *Prank Encounters*, infringe eight episodes of Plaintiffs' prank show, *Scare Tactics*.  Plaintiffs also asserted state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

On September 24, 2020, pursuant to Defendants' Rule 12(b)(6) motion to dismiss and anti-SLAPP motion to strike, the Court dismissed four of Plaintiffs'

copyright infringement claims and struck Plaintiffs' state law claims. Thus, as this case proceeds, seven of Plaintiffs' eleven claims have been dismissed with prejudice.  Only four copyright claims remain, all of which are ripe for summary judgment both as to the merits of the claims and certain damages theories.

The Court also awarded attorneys' fees in the amount of approximately $160,000 to Defendants.  Defendants did not immediately demand payment of the fees owed but, in the spirit of compromise, deferred seeking payment until after the parties mediated.  On January 13, 2021, the parties mediated unsuccessfully.  Thereafter, Defendants demanded payment of the fees owed but Plaintiffs refuse to pay them.  Accordingly, Defendants will be seeking appropriate relief from this Court, including but not limited to an Order requiring Plaintiffs to pay those fees owed by a date certain.

## 2.  **PROPOSED DISCOVERY AND SCHEDULING PLAN**

The Parties agree that Initial Disclosures shall be made on February 17, 2021.  The Parties' jointly propose the following as to the remaining discovery and case deadlines:

| Event | Deadline |
|---|---|
| Fact Discovery Cut-Off | November 15, 2021 |
| Disclose Opening Experts and Reports | January 19, 2022 |
| Disclose Rebuttal Experts and Reports | February 24, 2022 |
| Expert Discovery Cut-off | March 25, 2022 |
| Last Day to File Dispositive Motions[1] | April 28, 2022 |

---

[1] The Parties will agree to a briefing schedule depending on which Party moves for summary judgment.

Mitchell
Silberberg &
Knupp LLP

12873880.1

**JOINT REPORT PURSUANT TO FRCP RULE 26(F) AND LOCAL RULE 26-1**

| Event | Deadline |
|---|---|
| Final Pretrial Conference | August 31, 2022 |
| Trial | September 20, 2022 |

The Parties participated in an early mediation on January 13, 2021, which was not successful. Accordingly, the Settlement Conference Cut-Off is moot and does not need to be set.

### A.   Joint Statement Regarding Discovery Cut-Offs:

So the Court is aware, the Parties are just now commencing discovery. No discovery occurred while Defendants' motion to dismiss and strike were being decided and the Parties thereafter agreed to defer the expense of discovery until after mediation. The Parties have agreed to the above schedule in light of the status of discovery in this action, as well as the Parties' and counsel's schedules. Plaintiffs' counsel has advised that it is also counsel to a software creator who has a long-cause trade secrets jury trial matter pending in Santa Clara Superior Court set to commence in mid-August 2021. Considering pre-trial prep and the length of the trial, Plaintiffs' counsel anticipates a full slate during the second half of July 2021 through mid-September 2021. Accordingly, this involvement will impact on counsel's availability to engage in discovery during July and August and early-September 2021.

The Parties' proposed dates are also appropriate as they provide the Parties with enough time to take fact discovery, disclose experts, take expert discovery, brief and have motions for summary judgment or adjudication decided, and prepare for trial in advance of the proposed trial date.

Mitchell
Silberberg &
Knupp LLP

12873880.1

**JOINT REPORT PURSUANT TO FRCP RULE 26(F) AND LOCAL RULE 26-1**

**3.      SUBJECTS OF DISCOVERY**

    **A.      Plaintiffs' Statement:**

       Plaintiffs anticipate discovery on, *inter alia*, (a) Defendants' development of the series "Prank Encounters" (all produced episodes); (b) Defendants' profits on the series "Prank Encounters" with focus on the four episodes that remain in the case and the second season;  and, other damages; (c) Defendants' willful infringement of Plaintiffs' copyright; (d) third party streaming of "Prank Encounters"; (e) Defendants' affirmative defenses; and, (f) Plaintiffs' damages.

    **B.      Defendants' Statement:**

       Defendants anticipate taking discovery on, *inter alia*, (a) Plaintiffs' alleged copyright ownership of the *Scare Tactic* episodes upon which they are suing; (b) the viability of Plaintiffs' remaining copyright claims, including whether the remaining *Prank Encounters* episodes at issue infringe protectable expression in the remaining *Scare Tactics* episodes at issue; (c) Plaintiffs' contention that Defendants' willfully infringed their rights in the *Scare Tactics* episodes at issue; (d) Defendants' affirmative defenses, including, but not limited to, consent, waiver, and independent creation; and (e) Plaintiffs' purported damages.  Defendants do not believe that discovery should be conducted in phases.

**4.      DISCOVERY PLAN, RULES AND LIMITATIONS**

       All written discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, specifically Rule 26 and Rules 29 through 37, as well as applicable Local Rules and the Orders of this Court. The Parties agree to act reasonably in attempting to informally resolve any discovery dispute that may arise and to confer with each other to attempt to resolve any issue in good faith prior to seeking Court intervention.  Initial Disclosures have not been made, but shall be made by February 17, 2021.

### A. **Electronic Service**

The Parties consent to email service in this matter and agree that—for scheduling purposes—service will be effective on the date the email was received by the designated attorneys, as if made by personal service.

Plaintiffs shall be served by emailing the following people at Charnley Rian LLP: Richard Charnley (rlc@charnleyrian.com); Ashleigh Bhole (ab@charnleyrian.com); and, Lauren Ewing (lne@charnleyrian.com).

Defendants shall be served by emailing Aaron M. Wais (amw@msk.com), Gabriella A. Nourafchan (gan@msk.com), **and** Melanie Ocubillo (mmo@msk.com), from Mitchell Silberberg & Knupp LLP.

### B. **Changes to Limitations on Discovery**

The Parties agree that no changes are needed to the limitations on discovery imposed by the Federal Rules and Local Rules.

### C. **Electronically Stored Information**

The Parties intend to negotiate a protocol for the production of Electronically Stored Information ("ESI Protocol").  That ESI Protocol will address any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. The Parties have been advised of their evidence preservation obligations and have taken steps to preserve relevant electronic and other materials.  At this time, the Parties have no reason to believe there are any issues regarding evidence preservation.

### D. **Privilege Issues and Protective Order**

The Parties anticipate that a substantial portion of discovery materials will contain confidential or proprietary information concerning company operations and finances.

The Parties intend to negotiate a stipulated Protective Order to govern the dissemination and use of confidential information.  The Parties agree that the

Mitchell
Silberberg &
Knupp LLP

12873880.1

**JOINT REPORT PURSUANT TO FRCP RULE 26(F) AND LOCAL RULE 26-1**

Protective Order will include both CONFIDENTIAL and HIGHLY
CONFIDENTIAL-ATTORNEYS' EYES ONLY designations.

With regard to claims of privilege or protection as trial-preparation
materials, the Parties agree as follows:

The Party who is claiming privilege shall create a privilege log that will list
any documents (or portions thereof) that would otherwise be responsive but are
being withheld based upon a claim of privilege.  The privilege log should include a
brief description of each document (or portion thereof) being withheld sufficient
for the opposing party to assess the privilege claim being asserted, and designate it
with a Bates or other number for identification purposes.  The Parties will
cooperate to agree on a date to produce their respective privilege logs.  The Parties
otherwise agree to the provisions stated in Federal Rule of Evidence 502, and agree
that the Protective Order shall include a provision that the inadvertent disclosure of
privileged information shall not constitute a waiver thereof, and shall include a
claw-back provision for the return of inadvertently produced privileged
information.

The Parties agree that this matter can be referred to a magistrate for the
administration of discovery.

## 5. <u>**ANTICIPATED MOTIONS**</u>

The Parties anticipate filing the following motions, while reserving their
right to file any motions as may be necessary as the case progresses:

### A. <u>**Plaintiffs' Position:**</u>

The Court was presented with a motion to dismiss the entirety of Plaintiffs'
copyright claims and found that four of Plaintiffs' claims satisfied the extrinsic
similarity standard.  Defendants' submission of another motion on the same issue
is inappropriately requesting the Court revisit the Court's prior ruling on the issue
of extrinsic similarity.  Plaintiffs reserve their rights to other motions as

appropriate.  As to the Court's award of attorney fees relative to Defendants' anti-SLAPP motion, Plaintiffs are unaware of any authority that would permit Defendants to enforce that award until judgment is entered on Plaintiffs' remaining claims.

### B.   Defendants' Position:

Defendants anticipate filing a motion for summary judgment on Plaintiffs' four remaining claims for copyright infringement, as well as damage theories. Defendants disagree with Plaintiffs' characterization of their motion for summary judgment as "revisit[ing]" the Court's prior ruling on their motion to dismiss.  A motion to dismiss is materially different procedurally from a motion for summary judgment, which is supported by evidence.  Defendants have a legal right to move for summary judgment.

In addition, Plaintiffs have not paid the attorneys' fees award owed to Defendants under the Court's Order and Defendants reserve the right to seek relief from the Court as appropriate.  Defendants reserve their right to file discovery motions as necessary.  Defendants also reserve their right to file other motions as appropriate.

## 6.   ADDITIONAL PARTIES

The Parties do not currently anticipate that additional parties will be added; however, Plaintiffs reserve the right to add Netflix should it be determined during discovery that Netflix engaged in contributory copyright infringement.  Defendants will oppose any efforts by Plaintiffs to amend this action to add Netflix as a defendant.

## 7.   COMPLEX CASE

The Parties agree that this is not a complex case.

Mitchell
Silberberg &
Knupp LLP

12873880.1

**JOINT REPORT PURSUANT TO FRCP RULE 26(F) AND LOCAL RULE 26-1**

**8.    SETTLEMENT AND ADR PROCEDURE**

The Parties conducted an early mediation on January 13, 2021, which was not successful.

**9.    TRIAL ESTIMATE**

The Parties propose that the Court schedule 7-9 days for trial.

DATED: February 4, 2021          MITCHELL SILBERBERG & KNUPP LLP


By:   /s/ Aaron M. Wais
      Aaron M. Wais (SBN 250671)
      Gabriella A. Nourafchan (SBN 301594)
      Attorneys for Defendants
      Kevin Healey and Propagate Content,
      LLC

DATED: February 4, 2021          CHARNLEY RIAN LLP


By:   /s/ Richard L. Charnley
      Richard L. Charnley (SBN 70430)
      Attorneys for Plaintiffs
      Scott W. Hallock, WMTI Productions,
      Inc., WMTI Productions North, Inc., and
      The Next Season Company, Inc.

**ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all parties, on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized its filing.

DATED:  February 4, 2021          /s/ Aaron M. Wais
                                  Aaron M. Wais