**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Blvd., Suite 345
Los Angeles, CA 90049
Tel: (424) 832-7677
Fax: (424) 832-7702
Daniel K. Balaban, State Bar No. 243652
daniel@dbaslaw.com
Andrew J. Spielberger, (SBN) 120231
andrew@dbaslaw.com
Kahren Harutyunyan, (SBN) 298449
kahren@dbaslaw.com
Vanessa L. Loftus-Brewer, (SBN) 265213
vanessa@dbaslaw.com

Attorney for Plaintiffs.
WMTI PRODUCTIONS, INC. et al.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

WMTI PRODUCTIONS, INC., a California corporation; WMTI PRODUCTIONS NORTH, INC., a Canadian corporation; and THE NEXT SEASON COMPANY, INC., a Canadian corporation,

Plaintiffs,

v.

KEVIN HEALEY, an individual; PROPAGATE CONTENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:20-cv-02726 CJC (MAAx)

[Honorable Cormac J. Carney, Dept. 9B]

**PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT**

**Hearing Date:** **June 26, 2023**
**Time:** **1:30 p.m.**
**Location:** **9B**

**Complaint Filed:** **03/24/2020**
**Trial Date:** **09/26/2022**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

# TABLE OF CONTENTS

Page(s)

**I. INTRODUCTION ........ 8**

**II. DEFENDANTS' MOTION SHOULD BE DENIED ........ 11**

A. Defendants' Motion On Plaintiffs' Copyright Claim Should Be Denied ........ 11

B. As The Court Has Already Concluded, The Episodes Themselves Create Triable Issues Of Facts As To Substantial Similarity ........ 12

C. Defendants' Arguments Regarding "Prior Art" and "*Scenes-A-Faire*" Are Insufficiently Supported and Legally Incorrect ........ 15

D. Under The Extrinsic Test, There Is Substantial Similarity In The Plots, Themes, Dialogue, Mood, Setting, Pace, Characters And Sequence Of Events of The ST and PE/DC Episodes ........ 19

*1.* *Camp Kill* (ST) and *Camp Scarecrow* (PE) ........ 21

*2.* *My Heart Belongs To Misery/Dangerous Obsession* (ST) & *Face Fears* (PE) ........ 23

*3.* *Road Kill* (ST) and *End of the Road* (PE) ........ 24

*4.* *Send In The Clowns* (ST) and *Split Party* (PE) ........ 25

*5.* *Bicentennialien* (ST) and *Graveyard Shift* (PE) ........ 27

*6.* *Fear Antics/Room With A View* (ST) and *Open House of Horrors* (PE) ........ 29

*7.* *Plaintiffs Have A Viable Selection And Arrangement Theory Of Infringement* ........ 30

E. Defendants' Motion on Damages Should Be Denied ........ 33

*1.* *Defendants' Admission of Actual Damages Defeats Summary Judgment* ........ 33

*2.* *Plaintiffs Are Entitled to Defendants' Profits* ........ 35

**III. DEFENDANT'S RULE 56 STATEMENT WITH 725 ALLEGED UNDISPUTED FACTS ALLUDES TO ISSUES NOT ADDRESSED IN DEFENDANTS NOTICE OF MOTION NOR IN THE MEMORANDUM OF POINTS AND AUTHORITIES ........ 36**

A. Summary Judgment Law Re: Notice and Scope of Argument ........ 36

B. Statutory Damages—Can Be Elected Up Until Judgment Entered ........ 37

C. The Evidence of Direct, Willful and Vicarious Liability For Defendants ........ 38

D. PROPAGATES'S VICARIOUS LIABILITY UNDER AGENCY LAW .......... 39

E. PROPAGATE'S VICARIOUS INFRINGMENT LIABILITY .......... 40

**IV. CONCLUSION .......... 41**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Computer, Inc. v. Microsoft Corp.*,
35 F.3d 1435,1446 (9th Cir.1994) .......... 29

*Barkak v. Bell-Galyardt & Wells, Inc.*,
629 F.2d 523 (D.C.Cir.1980) .......... 33

*Berkic v. Crichton*,
761 F.2d 1289 (9th Cir. 1985) .......... 18

*Boz Scaggs Music v. KND Corp.*,
491 F.Supp. 908 (D. Connecticut 1980) .......... 9, 38

*Brown Bag Software v. Symantec Corp.*,
960 F.2d 1465 (9th Cir. 1988) .......... 10

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP*,
329 F.3d 923 (7th Cir. 2003) .......... 34

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 575 (1994) .......... 19

*Cavalier v. Random House, Inc*.
297 F.3d 815 (9th Cir. 2002) .......... 18

*Chiate v. Morris*,
Case No. 90-55428, 1992 WL 197591 (9th Cir. Aug. 17, 1992) .......... 10

*Clear Skies Nevada, LLC v. Kainu*,
No. 3:16-CV-811-AC, 2017 WL 4021121 (D. Or. August 21, 2017) .......... 36

*Corgan v. Keema*,
765 F. Appx. 228 (9th Cir. 2019) .......... 30

*Cream Recs., Inc. v. Jos. Schlitz Brewing Co.*,
754 F.2d 826 (9th Cir. 1985) .......... 34

*Electrical Construction & Maintenance co. v. Maeda Pacific Corp.*,
764 F. 2d 619 (9th Cir. 1985) .......... 30

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

*ETS-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir.2000) .......... 7

*Feist Publications Inc. v. Rural Telephone Service Company, Inc.* 499 U.S. 340 (1991) .......... 7

*Fitzgerald Pbl'g Co. v. Baylor Pbl'g Co.*, 807 F.2d 1110 (2nd Cir. 1986) .......... 36

*Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072 (9th Cir.2006) .......... *passim*

*Gable v. National Broadcasting Co.*, 727 F.Supp.2d 815 (C.D. Cal. 2010) (*aff'd sub nom. Gable v. National Broadcasting Co., Inc.*, 438 Fed.Appx. 587 (9th Cir. 2011)) .......... *passim*

*Gadh v. Spiegel*, 2014 WL 1778950 (C.D. Cal 4/2/14) .......... 25

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2d Cir. 1971) .......... 9, 38

*Glazier v. First Media Corp.*, 532 F.Supp. 63 (D.C.Del.1982) .......... 7, 30, 36

*Jarvis v. K2 Inc.*, 486 F.3d 526 (9th Cir. 2007) .......... 31, 32

*Kindergartners Count Inc. v. Demoulin*, 249 F.Supp.2d 1214 (D. Kan.2003) .......... 11

*Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. 1994) .......... 17

*Lois v. Levin,* 2:22-CV-00926-SVW-ABS 2022 WL 4351968 (C.D. Cal. Sept. 16, 2022) .......... 30

*Louis Vutton Malletier, S.A. v. Aanoc Sols., Inc*, 658 F.3d 936 (9th Cir. 2011) .......... 36

*Lujan v. National Wildlife Federation* 497 US 871 (1990) .......... 34, 35

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

*M. Witmark & Sons v. Calloway*,
22 F.2d 412 (E.D. Tenn. 1927) .......... 9, 33, 37

*Masterson v. Walt Disney Co.*,
2020 WL 4435103 (9th Cir. Aug. 3, 2020) .......... 11

*Nichols v. Universal Pictures Corp.*,
45 F.2d 119 (2nd Cir. 1930) .......... 11

*Olson v. National Broadcasting Company*,
855 F.2d 1446 (9th Cir. 1988) .......... 11

*Oracle Corp. v. SAP AG*,
765 F.3d 1081 (9th. Cir. 2018) .......... 31, 32

*Polar Bear Productions Inc. v. Timex Corp.*
384 F.3d 700 (9th Cir. 2004) .......... 31

*Rainey v. Wayne State University*,
26 F.Supp.2d 963 (E.D. Mich. 1998) .......... 35

*Rentmeester v. Nike Inc.*
883 F.3d 1111 (9th Cir. 2018) .......... 17

*Satava v. Lowry*,
323 F.3d 805 (9th Cir. 2003) .......... 29

*Seoul Broadcasting System Intern. Inc. v. John Kim Sang*, 754 Supp. 2d 562
(E.D.N.Y.2010) .......... 36

*Shapiro, Bernstein & Co. v. H.L. Green Co.*,
316 F.2d 304 (2nd Cir. 1963) .......... 9, 33, 37

*Shaw v. Lindheim*,
919 F.2d 1353 (9th Cir. 1990) .......... 10, 18

*Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) .......... *passim*

*Steinberg v. Indemnity Ins. Co. of North America*,
364 F.2d 266 (5th Cir. 1966) .......... 33

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

*Stromback v. New Line Cinema*,
384 F.3d 283 (6th Cir.2004) .......... 11

*Swirsky v. Carey*,
376 F.3d 841 (9th Cir. 2004) .......... *passim*

*Metcalf v. Bochco*,
294 F.3d 1069 (9th Cir. 2002) .......... 18, 24, 26

*U.S. v. Brown*,
540 F.2d 1048 (10th Cir. 1976) .......... 33

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
853 F.3d 980 (9th Cir. 2017) .......... 37

*United States v. Hamilton*,
583 F.2d 448 (9th Cir. 1978) .......... 29

*Zamani v. Carnes,*
491 F.3d 990 (9th Cir. 2007) .......... 34, 35

**Statutes**

17 U.S.C. § 504 .......... 35, 36

Copyright Act .......... 36

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

7

PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Defendants do not dispute that Plaintiff's own valid copyrights to the works in question [SUF 1, 5-17]. Nor do Defendants dispute that they had the highest degree of access to the works, as Defendant Healey was a co-creator of the subject works who subsequently assigned his rights to Plaintiff [SUF 31, 39, 43; PSUF 1]. Rather, Defendants are moving for summary judgment on Plaintiff's copyright claim based solely on lack of substantial similarity. However, the Court has ***already reviewed*** the episodes in question and, based on that review, properly concluded, with respect to six of the episodes involving Scare Tactics (hereinafter "ST") and "Prank Encounters (hereinafter "PE") and Double Cross (hereinafter "DC"), that "***Plaintiffs have sufficiently established that the episodes are substantially similar under the extrinsic test***." [Ex. 1 - Dkt. 46 @ 8-9] and "***The plot, characters, and sequencing of events of the two shows are substantially similar under the extrinsic test"*** [Ex. 1 - Dkt. 46 @ 9] and "***Accordingly, Plaintiffs have established substantial similarity between 'Split Party' and 'Send In The Clowns' under the extrinsic test***." [Ex. 1 - Dkt. 46 @ 9] and ***"Accordingly, Plaintiffs have established substantial similarity for these two stories under the extrinsic test."*** [Ex. 1 - Dkt. 46 @ 9] and "***reasonable minds could disagree***" as to whether the episodes are substantially similar [Ex. 2 - Dkt. 109 @ 6 & 9][1].

In an attempt overcome the Court's prior conclusions, Defendants argue that none of the similarities that Defendants rely on involves protectable elements. Not

---

[1] Dkt. 46 @ 8-9 pertains to "Camp Kill" and Camp Scarecrow". Dkt. 46 @ 9 pertains to "Dangerous Obsession" and "Face Fears". Dkt. 46 @16 pertains to "Send In The Clowns" and "Split Party"; Dkt. 46 @17 pertains to "Road Kill" and "End of the Road"; Dkt. 109 @ 6 pertains to "Bicentennalien" and "Graveyard Shift" and Dkt. 109 @ 9 pertains to "Fear Antics: Room With A View" and "Open House" [Exs. 1 and 2].

so. Defendants take an overbroad – and legally erroneous – view of what constitutes a *scenes-a-faire* and prior art. First, the alleged "prior art" or "*scenes-a-faire*" identified by Defendants ***are not in the same genre (or sub-genre) as Scare Tactics*** and therefore cannot qualify as "prior art" or indispensable "*scenes-a-faire*". *Gable v. National Broadcasting Co.* (C.D. Cal. 2010) 727 F.Supp.2d 815, 837-838, *aff'd sub nom. Gable v. National Broadcasting Co., Inc.* (9th Cir. 2011) 438 Fed.Appx. 587; *Swirsky v. Carey,* 376 F.3d 841, 850 (2004). Second, Defendants fail to produce independent evidence that ST was more similar to the alleged "prior art" or "*scenes-a-faire*" than it was to PE or DC[2]. *Swirsky v. Carey,* 376 F.3d 841, 850 (2004). This omission dooms Defendants' motion, as the law is clear that – even if creative works are inspired by so-called "prior-art" – they are nevertheless original – and protected – to the extent that the later work contains more than trivial variations. *Feist Publications Inc. v. Rural Telephone Service Company, Inc*. 499 U.S. 340, 111 S.Ct. 1282; *Swirsky v. Carey,* 376 F.3d 841, 851 (2004); *ETS-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir.2000).

Moreover, Defendants' straw-man argument that the similarities merely involve unprotected "ideas" and "concepts" is demonstrably false. While the episodes may share certain "ideas" – ***that is not the basis of Defendants' claim of substantial similarities***. Rather, as the Court correctly recognized in rejecting this same argument in connection with Defendants prior motions to dismiss, "the similarities between the…episodes ***go far beyond…basic concept[s]*** and extend to the actual concrete elements that make up the total sequence of events and the relationships between the major characters." [Ex. 2 - Dkt. 109, p. 6.] The testimony of Plaintiffs' expert, Paul Jackson, reinforces this point. As Jackson explains in his

---

[2] Despite Defendants bloated citation to (725!) alleged Rule 56 Uncontroverted Facts, Defendants fail to offer one purported fact that ST was more similar to the alleged "prior art" or "*scenes-a-faire*" than it was to PE or DC.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

expert reports and testimony, it is the particular and unique expression of those ideas that gives rise to substantial similarities at issue.[3]

In any event, it is well-established that even unprotected elements may be protected under a so-called "selection and arrangement" theory of infringement. Because there is evidence supporting such a theory in this case [PSUF 2], Defendants citations to alleged unprotected "prior art" or "*scenes-a-faire*" amount to nothing more than a "red herring." As demonstrated herein, and as the court has already concluded, there are (at least) triable issues of fact that require Defendants' motion be denied as to Plaintiffs' claim for copyright infringement.

Defendants' motion on Plaintiffs' claims for actual damages and Defendants' profits likewise fails. [REDACTED] But, regardless, the evidence clearly establishes a triable issue of fact on the issue. Similarly, the evidence establishes a

[3] [REDACTED]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

triable issue as to Defendants' profits, [redacted]

For the reasons set forth herein, Defendants' Motion should be denied in its entirety.

## II. DEFENDANTS' MOTION SHOULD BE DENIED

### A. Defendants' Motion On Plaintiffs' Copyright Claim Should Be Denied

Proof of copyright infringement requires plaintiffs to show: (1) they own a valid copyright and (2) that Defendants copied protected/original aspects of the work. In the absence of direct evidence of copying, plaintiffs can prove it circumstantially by showing that the Defendants had access to Plaintiffs' work and that the two works are substantially similar.

Defendants do not dispute that Plaintiffs own valid copyrights to the ST Episodes, and that Defendants had access to the ST Episodes in preparing the infringing PE Episodes. [SUF 1, 5-17; PSUF 1]. Rather, Defendants argue ***only*** that the episodes at issue are not "substantially similar." However, it is well-established that summary judgment is "***not highly favored***" on questions of substantial similarity in copyright cases. *Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.

---

[4] [redacted]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

1990), quoting *Narell v. Freeman,* 872 F.2d 907, 909 (9th Cir. 1989) (emphasis added). In order to defeat a motion for summary judgment, Plaintiff need only produce an "***indicia of a sufficient disagreement*** concerning the substantial similarity of [the] two works." *Swirsky v. Carey,* 376 F.3d 841, 846 (9th Cir. 2004) (emphasis added). Summary judgment is appropriate ***only*** "if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find substantial similarity of ideas and expression." *Id.*. quoting *Narell,* 872 F.2d at 909–10. "Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper." *Id.*

As the evidence – including, most importantly, the episodes themselves – establish (and as the Court has already concluded), there are at least triable issues of fact as to whether the infringing PE and DC Episodes are substantially similar to the ST Episodes.

**B. <u>As The Court Has Already Concluded, The Episodes Themselves Create Triable Issues Of Facts As To Substantial Similarity</u>**

Plaintiffs' copyright infringement claim involves a substantial similarity analysis of ***literary works – ST, PE*** and *DC* – embodied in television episodes.[5] It is well-established that courts may rely on their own experience and common sense to compare such works. *See Gable v. National Broadcasting Co*., 727 F.Supp.2d 815, 836 (C.D. Cal. 2021) ("[A]lthough expert testimony comparing literary works is generally accepted in the Ninth Circuit, the Court finds that such testimony is only marginally helpful in cases such as this where the works are targeted at a general

[5] This case does not involve the type of specialized knowledge required to compare complex computer technology, as was the case in *Brown Bag Software v. Symantec Corp*., 960 F.2d 1465 (9th Cir. 1988), or musical compositions, as the case in *Swirsky v. Carey*, 376 F.3d 841, 847-48 (9th Cir. 2004) and *Chiate v. Morris*, Case No. 90-55428, 1992 WL 197591 (9th Cir. Aug. 17, 1992).

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

audience and deal with subject matter readily understandable by ordinary persons. Thus, the Court's analysis is largely based on the Court's own extensive review of the works."); *Masterson v. Walt Disney Co.,* 2020 WL 4435103, at *2 (9th Cir. Aug. 3, 2020) ("Watching the episodes at issue and invoking judicial experience and common sense are all that are needed to conclude [substantial similarity]."); *Olson v. National Broadcasting Company*, 855 F.2d 1446, 1450-51 (9th Cir. 1988) (holding district court's decision to discount expert testimony was appropriate where the expert deemphasized dissimilarities between the works); *Nichols v. Universal Pictures Corp.,* 45 F.2d 119, 123 (2nd Cir. 1930) (questioning whether expert testimony regarding substantial similarity is helpful in a case involving the comparison of two literary works); *Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir.2004) (same) and *Kindergartners Count Inc. v. Demoulin*, 249 F.Supp.2d 1214, 1232 (D. Kan.2003) (same).

Thus, [REDACTED] – the Court can simply watch the ST and PE and DC Episodes at issue, and determine, for itself, whether there are similarities that preclude summary judgment.[6] Of course, in ruling on Defendants' prior Rule 12(b)(6) motions, the Court did ***precisely that***. After reviewing and comparing each of the episodes at issue under the extrinsic test analysis, the Court denied the FRCP 12(b)(6) Motions [Ex. 1 and 2] on the grounds that the episodes that are at issue in Defendants' MSJ ***share a number of substantial similarities under the extrinsic test***.

///

[6] Notably, Defendants took this ***exact position*** in their previously filed Rule 12(b)(6) motions. [*See* Dk. 42 @ p.8; Ex. 11, (noting that [w]hat matters are the actual works at issue" and that judges can use their "judicial experience and common sense" to compare works).]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

Specifically, the Court ruled as follows:

- *Camp Kill / Camp Scarecrow*: "Both episodes have substantially similar plots, characters, and settings…Plaintiffs have sufficiently established that the episodes are substantially similar under the extrinsic test." [Ex. 1 - Dkt. 46 @ pgs. 8-9].
- *Dangerous Obsession/ Face Fears*: "The plot, characters, and sequencing of events of the two shows are substantially similar under the extrinsic test." [Ex. 1 - Dkt. 46 @ pgs. 8-9].
- *Split Party / Send In The Clowns*: "The key elements of "Send In The Clowns" are substantially similar to elements in "Split Party" …Accordingly, Plaintiff has sufficiently alleged substantial similarity between "Split Party" and "Send In The Clowns" under the extrinsic test." [Ex. 1 - Dkt. 46 @ pg. 16].
- *Road Kill / End of the Road*: "After review of the two episodes, the Court finds that there are sufficient overlapping elements to establish substantial similarity under the extrinsic test." [Ex. 1 - Dkt. 46 @ pg 17].
- *Graveyard Shift / Bicentennialien*: "Reasonable minds could disagree on whether Defendants "Graveyard Shift" and Plaintiffs' "Bicentennialien" are substantially similar." [Ex. 2 - Dkt. 109 @ pg. 6].
- *Room With A View / Open House*: "[R]easonable minds could disagree on whether Plaintiffs' Fear Antics: Room With A View" and Defendant's "Open House" are substantially similar." [Ex. 2 - Dkt. 109 @ pg. 9].

The ***same videos*** previously viewed by the Court are before the Court again [Exs. 12-23]. Nothing in the content of the videos has changed. Thus, the same substantial similarities the Court found in denying Defendants Rule 12(b)(6) Motions require that the Court deny summary judgment.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

**C. *Defendants' Arguments Regarding "Prior Art" and "Scenes-A-Faire" Are Insufficiently Supported and Legally Incorrect***

The thrust of Defendants' arguments with regards to substantial similarity is that the similarities between the ST Episodes and the PE Episodes relate to non-protected elements. Specifically, Defendants argue that the similarities can be traced to "prior art" or are otherwise "*scenes-a-faire*."[7] Defendants' argument completely miss the mark.

Courts routinely recognize that:

> ***[C]omparisons to prior art are only helpful to the extent that they are genre-specific***. That is, an unprotectable *scenes-a-faire* is an element of a story that is standard in a ***particular genre***…Here it is ***not helpful to simply point out that certain past works also included a particular element***; rather to demonstrate that the element is not protectable, it ***must be shown that such an element is standard or indispensable in literary works centered around the themes of [the sub-genre].***"[8]

*Gable v. National Broadcasting Co.* (C.D. Cal. 2010) 727 F.Supp.2d 815, 837-838, *aff'd sub nom. Gable v. National Broadcasting Co., Inc.* (9th Cir. 2011) 438

---

[7] [redacted]

[8] Even Defendants' Motion admits that "courts will review other works ***in the genre*** to identify elements that are *scenes-a-faire* or otherwise unprotectable." [MSJ Motion @ 4:23-24 (emphasis added)].

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

Fed.Appx. 587 (emphasis added). *See also Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004) (rejecting *scene-a-faire* argument where songs at issue were "not in the same relevant field of music" because one was hip-hop/R&B and the other was folk music). Moreover, in order to establish a *scene-a-faire*, Defendants must introduce ***independent evidence*** that the element at issue in the ST Episodes was ***more similar*** to the ***prior art*** than to allegedly infringing ***PE Episodes***. *See Swirsky*, 376 F.3d at 850 (finding that the district court erred in finding element to be *scene-a-faire* as a matter of law where the defendant failed to introduce any independent evidence showing that element claimed to be scene a faire was more similar to the prior art than to the allegedly infringing work.)

Here, Defendants' expert, .[9] However, the "prior art" and scene fa faire cited by Gale are, for the

[9]

[10]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

most part, from movies. But, ST is ***not a movie***. Rather, it is a hidden camera prank television show.[11] There is a history/genre of hidden camera prank shows – *e.g.*, *Candid Camera, Punk'd, Jackass*, etc.). As a result, Defendants' arguments [redacted]. *Gable,* 727 F.Supp.2d at 837-838; *Swirsky*, 376 F.3d at 850.[12] [redacted] As a result, Defendants have not met their evidentiary burden at summary judgment.

Further, while Defendants expert, [redacted] Indeed, "[i]n this circuit, the definition of ***originality is broad***, and originality means 'little more than a prohibition of actual

[11] [redacted]

[12] [redacted]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

copying.'" *Swirsky*, 376 F.3d at 851, citing *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 489 (9th Cir. 2000) (emphasis added). "All that is needed to satisfy originality is for the author to contribute "***something more than a 'merely trivial' variation***." *Id*. (emphasis added). Here,

.[13]

.[14] Putting a final "nail in Defendant's prior art / *scenes-a-faire* coffin,"

---

[13] To the contrary, as Gale stated in his Expert Report, and confirmed in his deposition, that "***Elements of one story are mixed with elements of another story to make a new story***." [Ex 26. @ pg. 9; Ex. 28 @ 91:11-22].

[14] As an example, Mr. Jackson's original expert report states for each pertinent episode that even if a particular concept used in ST was not new it was presented in an original new way: "***Plaintiffs idea is developed and expressed concretely through a skillful use of dialogue, settings, machinations, characters, and actors that expand the concept into an original and fresh story."*** [Ex. 29 @ pgs. 7, 10, 15, 19, 24, 28]. Jackson's Rebuttal Report further opines that, while "the defense goes to great lengths to make a point that these episodes are based on concepts and tone established in well-known films/TV[,]…***what 'happens' in the stories created by ST are not carbon copies of prior work***. The events, the 'story beats', the narrative structure are ***never identical to previous works***. ***How the stories play out are unique enough***, in my opinion, to prove what Mr. Gale said in his testimony about how 'old recipes are remade with different or added ingredients. ***Elements of one story are mixed with elements of another story to make a new story. That's what I believe the ST episodes are: a new variation of a story that might have been told before; but with enough variations that, in this writer's opinion, makes them [original]."*** [Ex 30. @ pg. 7]. Still more, in deposition, Jackson further testified that each of the six ST episodes at issue are original: "***Not only original in the story but in the format. I have never seen stories done this way*** and, again, they're plot oriented. They're not huge character descriptions. There is not a lot of time. This isn't a character piece. ***I never saw the stories done that way in that format...***I had never seen a horror prank show until ST. I had seen [Jackass], which is primarily a stunt show…Punk'd was an updated Candid Camera. It wasn't about scaring people and having stories ...These guys did actual stories. They sat in a room and they came up with story beats. We want this to happen…in this format, in this time frame and
(footnote continued)

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

[redacted] As a result, there are at least triable issues of fact as to whether there are more than "merely trivial" differences between the ST Episodes and the prior art cited by Defendants and Gale.

### D. Under The Extrinsic Test, There Is Substantial Similarity In The Plots, Themes, Dialogue, Mood, Setting, Pace, Characters And Sequence Of Events of The ST and PE/DC Episodes

The extrinsic test for literary works such as novels, plays and movies is an objective one that focuses on "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir.2006), overruled on other grounds by *Skidmore*, 952F.3d at 1067-1069); *Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1045 (9th Cir. 1994) (citation and internal quotation marks omitted) ("With novels, plays and motion pictures, for instance, even after filtering out unprotectable elements like ideas and *scenes-a-faire*, many protectable elements of expression remain that can be objectively compared. Plot, themes, dialogue, mood, setting, pace, characters, and sequence of events are [protectable] elements we have previously identified."); *Rentmeester v. Nike Inc.* 883 F.3d 1111, 1118-1119 (2018), overruled on other grounds by *Skidmore*, 952F.3d at 1067-1069. Original (and hence protectable) expression includes the specific details of an author's rendering of ideas, or "the actual concrete elements that make up the total sequence of events and the relationships between major characters." *Berkic v.*

---

[redacted]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

*Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985). "In applying the extrinsic test, [the] Court compares not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between major characters." *Funky Films, Inc. v. Time Warner Entm't Co*., 462 F.3d at 1077.

Under the extrinsic test, the Court is to inquire whether the protectible/original elements, standing alone, are substantially similar. *Cavalier v. Random House, Inc*. 297 F.3d 815 (9th Cir.2002). However, ***there is no rigid requirement that only protectable ideas and elements can be used to show substantial similarity to survive a motion for summary judgment. The presence of many generic similarities and the common patterns in which they arise may satisfy the extrinsic test***. *Metcalf v. Bochco,* 294 F.3d 1069 (9th Cir. 2002), overruled on other grounds by *Skidmore*, 952 F.3d at 1067-1069 ("Here, the similarities proffered by the Metcalfs are not protectable when considered individually; they are either too generic or constitute "*scenes-a-faire*" …. However, the presence of so many generic similarities and the common patterns in which they arise do help the Metcalfs satisfy the extrinsic test. The particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element."); *Shaw v. Lindheim* (9th Cir. 1990) 919 F.2d 1353, 1363, overruled on other grounds by *Skidmore*, 952 F.3d 1051 ("Even if none of these plot elements is remarkably unusual in and of itself, the fact that both scripts contain all of these similar events gives rise to a triable question of substantial similarity of protected expression.").

In their Motion, Defendant's argue at length that the ST Episodes are either not original (because they were inspired by prior movies) or contain *scenes-a-faire* that need to be filtered out of the extrinsic test analysis. As discussed above, Defendants are factually and legally wrong in these assertions because: (1) Originality in literary works can occur when works are inspired by other works as

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

authors borrow from predecessors works to create new works an original work may include or incorporate elements taken from prior works or works from the public domain. *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1071 (9th Cir. 2020) ("[E]very [work of art] borrows, and must necessarily borrow, and use much which was well known and used before.") *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 575 (1994); and (2) "Prior art" and/or "*scenes-a-faire*" have to be from the same genre or sub-genre in order to be designated as "prior art" or "*scenes-a-faire*" for the literary work at issue; and (3) In order to establish *scene-a-faire*, Defendant must establish that the element at issue in the ST Episodes was more similar to the prior art than to the allegedly infringing Prank Encounter or DC episodes. *Gable v. National Broadcasting Co.* (C.D. Cal. 2010) 727 F.Supp.2d 815, 837-838; *Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004).

Recognizing the law as stated above, Defendants substantial similarity arguments fail as follows:

***1.*** ***Camp Kill*** **(ST) and** ***Camp Scarecrow*** **(PE)**

---

[15] Application of the law results in Plaintiff's Schedule IV for "Camp Kill" and "Camp Scarecrow" to proceed with all Plaintiffs' plot, sequencing, characters, (footnote continued)





BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

settings and moods elements.  But even if they didn't, Defendant's Motion did not address or eliminate Plot Points 5, 6, 7, 9 nor do they eliminate the elements identified by Plaintiffs in the Sequencing, Character, Settings and Mood sections of Plaintiffs Schedules. [Ex. 7].

2. *My Heart Belongs To Misery/Dangerous Obsession* (ST) & *Face Fears* (PE)

16 .

17 .

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049



**3. *Road Kill* (ST) and *End of the Road* (PE)**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

24

PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT

### 4. *Send In The Clowns* (ST) and *Split Party* (PE)

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

25
PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT



BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

26

PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

### 5. *Bicentennialien* (ST) and *Graveyard Shift* (PE)

18



[redacted] [redacted]

[redacted]

[redacted]

19 [redacted]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

28
PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT

**6. *Fear Antics/Room With A View* (ST) and *Open House of Horrors* (PE)**

[20]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

***7. Plaintiffs Have A Viable Selection And Arrangement Theory Of Infringement***



BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

31
PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

32

PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT



BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

**E. <u>Defendants' Motion on Damages Should Be Denied</u>**

***1. Defendants' Admission of Actual Damages Defeats Summary Judgment***

"Actual damages are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Oracle Corp. v. SAP AG,* 765 F.3d 1081, 1087 (9th. Cir. 2018) citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.* 772 F.2d 505, 512 (9th Cir.1985). Hypothetical license damages also constitute an acceptable form of recoverable actual damages. *Polar Bear Productions Inc. v. Timex Corp.* 384 F.3d 700, 708 (9th Cir. 2004). The touchstone for hypothetical-license damages is the range of the license's reasonable market value. *Jarvis v. K2 Inc.*, 486 F.3d 526, 534 (9th Cir. 2007). Expert testimony is

[21] Plaintiffs use Schedule I as an example of all six Schedules because the same format and language is used for all six Schedules.

admissible for determining the range of the reasonable market value. *Oracle Corp. v. SAP AG,* 765 F.3d 1081 (9th Cir. 2018); *Jarvis v. K2 Inc.*, 486 F.3d 526, 534 (9th Cir. 2007).

As an initial matter, Plaintiffs' damages expert, [REDACTED]

Massey's opinions are relevant and admissible and, therefore, give rise to factual disputes that render summary judgment inappropriate.

However, even if Massey's opinions are ultimately excluded, Defense Expert [REDACTED]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

### 2. *Plaintiffs Are Entitled to Defendants' Profits*

Defendants admit, and it is undisputed, that Defendants were put on notice in Plaintiffs Complaint and in Plaintiffs Disclosures that Plaintiffs intended to seek Defendants profits. [SUF 644, 645]. However, Defendants claim there is no evidence of Defendants' profits because [redacted] The mathematical adding up of gross income dollars ***does not require expert opinion***. *Steinberg v. Indemnity Ins. Co. of North America*, 364 F.2d 266 (1966); *U.S. v. Brown*, 540 F.2d 1048; *Barkak v. Bell-Galyardt & Wells, Inc.,629 F.2d523(D.C.Cir.1980)*. [redacted]

[22] [redacted]

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

[REDACTED]. The reason Defendants cannot cite a case to support their position is because their position conflicts with the purpose of awarding disgorgement of profits derived from the use of infringing works. Per the Ninth Circuit, an award of an infringers' profits is necessary to avoid the unjust enrichment of the infringer for use of the copyrighted work. *Cream Recs., Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 829 (9th Cir. 1985). Disgorgement of profits encourages the would-be infringer to transact with the copyright owner rather than steal the copyrighted work. *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923 (7th Cir. 2003). Allowing Defendants to keep the profits paid by Netflix for Defendants ***delivery of infringing episodes*** that became available to the public just because the delivery agreement was entered into before actual delivery of the infringing episodes would circumvent the unjust enrichment policy enunciated above. Therefore, Defendants request for summary judgement on Defendants' profits must be denied.

## III. DEFENDANT'S RULE 56 STATEMENT WITH 725 ALLEGED UNDISPUTED FACTS ALLUDES TO ISSUES NOT ADDRESSED IN DEFENDANTS NOTICE OF MOTION NOR IN THE MEMORANDUM OF POINTS AND AUTHORITIES

### A. Summary Judgment Law Re: Notice and Scope of Argument

It is improper for the moving party in summary judgment to introduce different legal arguments in the reply brief than presented in the moving papers and the Court can reject arguments raised for the first time in a reply brief. *Lujan v. National Wildlife Federation* (1990) 497 US 871, 894-895; *Zamani v. Carnes* (9th Cir. 2007) 491 F.3d 990, 997.

Plaintiffs cite the above cases and propositions of law because Defendants papers reveal that Defendants do not state in their Notice of Summary Judgment or in their Memorandum of Points and Authorities In Support of Summary Judgment

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

anything about Plaintiffs claim to Statutory Damages nor anything about Direct or Willful Conduct or anything about Propagates' vicarious liability for the acts of their employee, co-defendant, Kevin Healey. Per *Lujan* and *Zamani* (supra), Defendants should be prevented from arguing anything about Statutory Damages or anything about Direct or Willful Conduct or anything about Propagates vicarious liability for the acts of co-defendant, Kevin Healey.

Plaintiffs submit that, per *Lujan* and *Zamani* (supra), Defendants not be allowed to argue in Reply about Statutory Damages, Direct or Willful Conduct or anything about Propagates vicarious liability for the acts of co-defendant, Kevin Healey. However, out of an abundance of caution should the Court, in its discretion, decide to allow Defendants to make arguments then Plaintiffs offer an introductory presentation below (without waiving any full briefing rights should the Court desire fuller briefing on these issues). On the other hand, if the Court disallows Defendants to raise the Statutory Damages, Direct or Willful Conduct or Vicarious Liability issues, then Plaintiffs obviously agree the below briefing would not have to be considered by the Court for this motion.

**B. Statutory Damages—Can Be Elected Up Until Judgment Entered**

The election to recover Statutory Damages may be made at any time prior to entry of final judgment. 17 U.S.C. § 504; *Rainey v. Wayne State University*, 26 F.Supp.2d 963 (1998). Plaintiff's Operative Second Amended Complaint[23] seeks to

[23] In addition to the Prayer in every one of the operative Complaints, Plaintiffs also identified 17 USC 504 (statutory damages) in their Initial and Amended Rule 26 Disclosures. [PSUF 7]. Although Defendants have clearly been on notice of (footnote continued)

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

recover Statutory Damages and Plaintiffs have not yet elected which damage claim they will seek at trial. The election to seek Statutory Damages can be made at any time prior to entry of judgment. *Seoul Broadcasting System Intern. Inc. v. John Kim Sang,* E.D.N.Y.2010, 754 F.Supp.2d 562. The calculation of Statutory Damages is made by the Court and the Court has wide discretion in setting the amount of statutory damages. *Glazier v. First Media Corp*., D.C.Del.1982, 532 F.Supp. 63; *Fitzgerald Pbl'g Co. v. Baylor Pbl'g Co*., 807 F2d 1110, 1116 (2nd Cir. 1986). Thus, Summary Judgment cannot be granted on the basis that Plaintiffs are not pursuing Statutory Damages per 17 U.S.C. Section 504.[24]

**C. The Evidence of Direct, Willful and Vicarious Liability For Defendants**

Should the Court eventually award Statutory Damages, Plaintiff evidence of Defendants conduct will serve as a guide to the Court. To prove a defendant's willfulness, the Copyright Act requires the plaintiff to show (1) the defendant was actually aware of the infringing activity, or (2) the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holders rights. *Louis Vutton Malletier, S.A. v. Aanoc Sols., Inc ,* 658 F.3d 936, 944 (9th Cir. 2011). Willful infringement can be either intentional or reckless. *Id*. If an infringer knew his behavior was illegal, his infringement was intentional. *Clear Skies Nevada, LLC v. Kainu*, No. 3:16-CV-811-AC, 2017 WL 4021121 At 8 (D. Or. August 21, 2017) If an infringer makes no attempt to inquire into whether the item was subject to copyright protection, the infringer is reckless or willfully blind. Reckless willful

---

Plaintiffs request for Statutory Damages should Plaintiffs ever so select, Plaintiffs have concurrently provided Defendants with an amended interrogatory response.

[24] It should be noted that Defendants Notice and Memorandum of Points and Authorities merely seek "Summary Judgment" as to the entire action and do not request "Partial Summary Judgment" on any particular issue—an all or nothing request.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

infringement occurs when a party fails to investigate or attempt to determine if the material is copyright protected. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991-92 (9th Cir. 2017) In *Unicolors* (supra) defendant argued that there was no evidence that it had knowledge that its conduct constituted infringement. The Ninth Circuit held that "a finding of willful infringement does not require a showing of actual knowledge, a showing of reckless or willful blindness is sufficient. *Id at 991-992*. In our case, [REDACTED]

**D. Propagate's Vicarious Liability Under Agency Law**

[REDACTED] This evidence, at the very least, raises issues of fact as to whether Mr. Healey was an employee of Propagate. *Shapiro , Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (1963) & *M. Witmark & Sons v. Calloway*, 22 F.2d 412, 414.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

**E. Propagate's Vicarious Infringement Liability**

Plaintiffs produce evidence of vicarious infringement liability for Propagate because Propagate had the right and ability to supervise Healey and because Propagate had a direct financial interest in the exploitation of the infringing properties--the airing of PE on Netflix.

Vicarious infringement liability may be imposed even though the party has not himself aired/performed the infringing act. *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 913 citing (1980) *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162-62 (2d Cir. 1971). "One may be vicariously liable if he has the ***right and ability to supervise the infringing activity*** and ***also has a direct financial interest in such activities***…And this is so even in the absence of actual knowledge that the copyright monopoly is being impaired.") *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 913 citing (1980) *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, at 1162 [citing *Shapiro , Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (1963)].

[25].

[25]

(footnote continued)

This evidence, at the very least, raises issues of fact as to whether Propagate is vicariously liable for the copyright infringement acts conducted by Mr. Healey.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied.

DATED: May 22, 2023

BALABAN & SPIELBERGER, LLP

By: */s/ Andrew J. Spielberger*

Daniel K. Balaban
Andrew J. Spielberger
Kahren Harutyunyan
Vanessa L. Loftus-Brewer
Attorneys for Plaintiffs,
WMTI PRODUCTION, INC., et al.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BLVD., STE. 345
LOS ANGELES, CA 90049

41

PLAINTIFFS' OPPOSITION TO DEFENDANTS KEVIN HEALEY AND PROPAGATE CONTENT, LLC'S MOTION FOR SUMMARY JUDGMENT