# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WMTI PRODUCTIONS, INC.; WMTI PRODUCTIONS NORTH, INC.; and THE NEXT SEASON COMPANY; INC.<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN HEALEY; PROPAGATE CONTENT, LLC; and DOES 1 through 100,<br><br>Defendants. | Case No.: CV 20-02726-CJC (MAAx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION AND/OR RECONSIDERATION [Dkt. 199]** |

//
//
//
//
//

Defendants Kevin Healey and Propagate Content, LLC, presently move for clarification and/or reconsideration of the Court's recent order denying their motion for summary judgment. (*See* Dkt. 199.) That motion is **DENIED**.[1]

Defendants primarily assert that they made arguments in their earlier motion regarding certain theories of copyright liability and certain remedies that the Court did not address in its order. The Court did not address those arguments, however, because doing so was unnecessary to deny Defendants' motion. Defendants requested summary judgment, arguing a lack of evidence sufficient to sustain any liability or possible remedy. If Defendants wanted partial summary judgment in the alternative, they should have specifically said so. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, *identifying* each claim or defense—or *the part of each claim or defense*—on which summary judgment is sought." (emphasis added)); *Hofmann v. City & County of San Francisco*, No. C 11–4016, No. C 11–4016, at *7 (N.D. Cal. Dec. 20, 2013) ("Plaintiffs do not clearly identify the specific claims, or parts of claims, on which they seek partial summary judgment."); *Anselmo v. Mull*, No. CIV. 2:12–1422, 2013 WL 3941779, at *2 (E.D. Cal. July 30, 2013) ("[B]ecause plaintiffs have failed to identify a specific constitutional right forming the bases of the § 1983 claims upon which they seek partial summary judgment, their motions for partial summary judgment must accordingly be denied.").

Defendants also argue that the Court failed to adequately address their argument "that Plaintiffs' claimed actual damages are not tied to the wrongful act that is alleged— i.e., the five alleged infringing episodes and one alleged infringing segment" of an episode—because the Court mischaracterized Defendants' argument to be "that damages

---

[1] Having read and considered the papers that the parties presented, the Court finds this matter appropriate for disposition without a hearing and without further briefing from the parties. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for August 28, 2023, is hereby vacated and removed from the calendar.

to the value of the *Scare Tactics* series or format are beyond the ambit of the damages remedy for copyright violations." (Dkt. 199 at 10.) The Court disagrees that it mischaracterized anything, and it addressed Defendants point in its order in any event. (*See, e.g.*, Dkt. 195 at 11 ["[A] jury could conclude that the existence of *Prank Encounters* stems from alleged infringement of *Scare Tactics* episodes, since half of the episodes in season one of Prank Encounters, plus episodes in other seasons, are allegedly infringing."].)

Finally, Defendants' cry to narrow the issues for trial can be dealt with later—for example, when the parties and the Court are finalizing jury instructions or in appropriate motions in limine.

DATED: August 1, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE